UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

------------------------------------------------------------ x
:
JUSTIN O'CONNOR, on behalf of himself and all :
others similarly situated, :
:
                Plaintiff, :
: Case No. 1:19-cv-05045
             - against - :
: **Hon. Robert M. Dow, Jr.**
FORD MOTOR COMPANY, :
:
                Defendant. :
------------------------------------------------------------ x

**DEFENDANT FORD MOTOR COMPANY'S UNCONTESTED
MOTION PURSUANT TO LOCAL RULE 78.5**

    COME NOW, Defendant Ford Motor Company ("Ford"), pursuant to Local Rule 78.5, respectfully moves for a decision on the Joint Motion for Reassignment and Consolidation of Related Actions (ECF Nos. 51-54) (the "Motion"). In support of this motion, which is uncontested, Ford states as follows.

    1.    As detailed in the Motion, this is the first-filed of four related actions originally filed around the country, and currently pending in this District, in which plaintiffs, on behalf of various statewide putative classes of consumers, allege that Ford designed and marketed Ford Model Year 2017-2020 F-150 vehicles with defective transmissions in the Plaintiffs' respective states. These actions are: (i) *Marino v. Ford Motor Company*, No. 1:20-cv-01981 (the "*Marino* Action"); (ii) *Orndorff v. Ford Motor Company*, No. 1:20-cv-02095 (the "*Orndorff* Action"); and (iii) *Smith v. Ford Motor Company*, No. 1:20-cv-02612 (the "*Smith* Action") (collectively the "Related Cases," and with this action, the "10R80 Actions"). In each of these actions, based on similar allegations concerning Ford's conduct, the plaintiffs assert similar claims—breach of express and implied warranties, violation of the Magnuson-Moss Warranty Act, negligence,

1

unjust enrichment, and breach of the applicable state consumer protection statutes. (ECF No. 53, at 1, 3.)

2. After consultations, the Parties reached agreement that considerations of efficiency and consistency warranted the transfer and consolidation of the 10R80 Actions. Based on that agreement, the Parties filed joint motions to transfer the *Marino*, *Orndorff*, and *Smith* Actions to the Northern District of Illinois. Each of those motions was granted and the respective actions were transferred to this District. (*Id.* at 3.) On June 4, 2020, the parties to all of the 10R80 Actions filed the Motion, which seeks reassignment to this Court, under Local Rule 40.4, and consolidation of the Related Cases with this action, under Fed. R. Civ. P. 42(a). (ECF No. 51.)

3. As set forth in the memorandum of law in support of the Motion, such reassignment and consolidation would promote judicial efficiency without prejudicing any party, avoid the potential for inconsistent rulings, and significantly alleviate the burden on the Courts, the Parties, and potential non-party witnesses. (ECF No. 53.)

4. The Motion is currently scheduled for presentment on July 15, 2020 and is *sub judice*. (ECF No. 54.)

5. Based on the Parties' agreement that it would be most efficient for the 10R80 Actions to proceed jointly following consolidation, the *Orndorff* parties requested, in a July 2, 2020 joint status report, that Judge Kennelly stay the proceedings pending this Court's ruling on the Motion. (*Orndorff* Action, ECF No. 29.) On July 3, 2020, Judge Kennelly issued an order denying that request and directing that Ford "file its response to the complaint by no later than 7/14/2020." (*Orndorff* Action, ECF No. 30.)

6. Promptly thereafter, on July 7, 2020, Ford filed an uncontested motion in the *Orndorff* Action to extend its time to respond to the complaint by thirty days, until August 13, 2020. (*Orndorff* Action, ECF No. 31.)

7. On July 8, 2020, Judge Kennelly entered an order extending Ford's deadline to respond to the complaint until August 3, 2020, but "advis[ing] that it does not intend to hold off starting discovery until after a ruling on the anticipated motion to dismiss" so that the parties "should be prepared to set a discovery schedule at the status hearing set for 7/16/2020." (*Orndorff* Action, ECF No. 36.)

8. In light of Judge Kennelly's July 8, 2020 order, this Court's urgent action is necessary to prevent prejudice to Ford, a waste of judicial resources, and potentially inconsistent rulings.

9. Ford will be prejudiced if obligated to file a response to the complaint in the *Orndorff* Action and commence discovery before a decision on the Motion. By filing a motion to dismiss the *Orndorff* Action, Ford would be subject to unnecessary and duplicative motion practice at the pleading stage—first in connection with the *Orndorff* Action and second following consolidation and the filing of a consolidated complaint. Likewise, the commencement of fact discovery in the *Orndorff* Action at this time would prejudice Ford through potentially unnecessary and duplicative work. In particular, it would almost certainly result in repetitive discovery demands on common witnesses to the 10R80 Actions. It could also subject the parties to discovery potentially outside the scope of the consolidated action if claims are later dismissed from the consolidated complaint.

10. In addition, if Ford is required to file a motion to dismiss the *Orndorff* Action before a decision on the Motion, it may be subject to inconsistent decisions. In particular, Judge

3

Kennelly may issue a ruling on Ford's motion to dismiss the *Orndorff* Action that would be substantively different than this Court's ruling on Ford's pending motion to dismiss the amended complaint in this action.

11. Accordingly, Ford requests that, pursuant to Local Rule 78.5, this Court issue a decision on the Motion, particularly in light of the imminent status conference (July 16, 2020) and deadline for Ford to respond to the complaint in that action (August 3, 2020).

12. Ford has consulted with counsel for plaintiffs in each of the 10R80 Actions, who do not contest this motion.

## CONCLUSION

Based on the foregoing reasons, Ford respectfully requests that the Court issue a ruling on the Motion.

Dated: July 9, 2020

By: */s/ Hector Torres*
Hector Torres (*Admitted Pro Hac Vice*)
Cindy Caranella Kelly (*Admitted Pro Hac Vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Defendant Ford Motor Company*

Mark H. Boyle
Mason W. Kienzle
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street
Suite 800
Chicago, IL 60603
Telephone: (312) 422-0900
Facsimile: (312) 422-0909

Mary T. Novacheck (*Admitted Pro Hac Vice*)
BOWMAN AND BROOKE LLP
150 S. Fifth Street Suite 3000
Minneapolis, MN 55402

*Co-Counsel for Defendant Ford Motor Company*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on July 9, 2020, on all counsel of record via CM/ECF, and/or email, pursuant to the Rules of Civil Procedure.

                                                   */s/ Hector Torres*
                                                   Hector Torres