IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | | |
|---|---|---|
| JUSTIN O'CONNOR, et al., on behalf of himself and all other similarly situated, | : : : : | Case No. 19-cv-5045 |
| Plaintiffs, | : : | Consolidated with Case Nos. 20-cv-1981, 20-cv-2095, |
| - against - | : : | And 20-cv-2612 |
| FORD MOTOR COMPANY, | : : | Judge Robert M. Dow, Jr. |
| Defendant. | : : : | |

---

**JOINT STATUS REPORT**

Plaintiffs Michael Barcelona, Brian Dougherty, Daniel Fair, William Fiedler, Susan Heller, Robert Marino, Michael McDonald, Victor M. Orndorff, Bryan Smith, Jason Steen, and Stanislaw Zielinski (collectively, "Plaintiffs"), and defendant Ford Motor Company ("Ford," and collectively with Plaintiffs, the "Parties") provide this joint status report pursuant to this Court's September 30, 2021 directive (ECF No. 76).

A. <u>Proposed Discovery and Pretrial Schedule</u>

This action is brought by eleven plaintiffs, who purport to represent a nationwide class and eight statewide subclasses of consumers, and allege that Ford designed, manufactured, and marketed Model Year 2017-2020 Ford F-150 vehicles containing defective 10R80 transmissions. Ford disputes Plaintiffs' allegations that such pickups were defective in design or manufacture when sold by Ford. Putative class vehicles are equipped with a 10R80 transmission.

On October 11, 2021, the Parties met and conferred concerning a proposed case schedule. Following these discussions, the Parties have agreed to a proposed schedule that would provide for the completion of discovery and the filing of dispositive and class certification motions in an expeditious manner. To that end, the Parties agree that due to the complexity of this action, the most efficient path forward is to proceed with a rolling discovery schedule pursuant to Fed. R. Civ. P. 26 rather than through the abbreviated discovery schedule called for by the Mandatory Initial Discovery Pilot Project.

The Parties, however, have not been able to come to an agreement on a complete pretrial schedule. The Parties have agreed to the following deadlines:

- <u>November 4, 2021</u>: Deadline for Ford to file its answer to the Consolidated Amended Class Action Complaint;

- December 2, 2021: Deadline for the Parties to serve their initial disclosures pursuant to Fed. R. Civ. P. 26(a);

- January 13, 2022: Deadline for the Parties to serve their initial discovery demands; and

- February 17, 2022: Deadline for the Parties to (a) serve their responses and objections to the initial discovery demands and (b) commence the rolling production of documents;

  The Parties' respective proposals for the remainder of the pretrial schedule of this action are detailed below. Ford's proposal provides for the completion of all discovery prior to simultaneous cross-motions for summary judgment and class certification. Plaintiffs' schedule provides for bifurcation of briefing on class certification and dispositive motions, and includes a period for additional discovery following the Court's order on class certification. The Parties request that the Court schedule a hearing concerning the Parties' competing proposals for the remainder of the pretrial schedule, given the importance of the issues addressed therein.

  1) Ford's Proposed Schedule:

    a. November 4, 2022: Deadline for the Parties to complete fact discovery, including fact depositions;

    b. January 12, 2023: Deadline for Plaintiffs to serve their expert report(s);

    c. March 13, 2023: Deadline for Ford to serve its expert report(s);

    d. April 12, 2023: Deadline for Plaintiffs to serve their rebuttal report(s);

    e. May 12, 2023: Deadline for Ford to serve its rebuttal report(s);

    f. June 30, 2023: Deadline for the Parties to complete expert discovery, including expert depositions;

    g. September 8, 2023: Deadline for Ford to file motions for summary judgment and to deny class certification;

    h. September 29, 2023: Deadline for Plaintiffs to file cross-motions for summary judgment and class certification and opposition to Ford's motions for summary judgment and to deny class certification;

    i. October 20, 2023: Deadline for Ford to file replies in further support of its motions for summary judgment and to deny class certification and opposition to Plaintiffs' cross-motions for summary judgment and class certification; and

    j. November 3, 2023: Deadline for Plaintiffs to file replies in further support of their cross-motions for summary judgment and class certification.

  2) Plaintiffs' Proposed Schedule:

    a.    <u>May 20, 2022</u>:  Deadline for the Parties to complete document productions;

    b.    <u>July 15, 2022</u>:  Deadline for Plaintiffs to serve their expert report(s) in support of class certification.

    c.    <u>August 19, 2022</u>:  Deadline for Ford to serve its expert report(s) in opposition to class certification;

    d.    <u>September 16, 2022</u>:  Deadline for Plaintiffs to serve their rebuttal report(s) in support of class certification;

    e.    <u>December 16, 2022</u>:  Deadline for Plaintiffs to file certification;[1]

    f.    <u>60 days after Plaintiffs' motion for class certification is filed</u>:  Deadline for Ford to file opposition to Plaintiffs' motion for certification;

    g.    <u>30 days after Ford's opposition to Plaintiffs' motion for class certification is filed</u>:  Deadline for Plaintiffs to file reply in further support of their motion for class certification;

    h.    <u>90 days after the Court's order on Plaintiffs' motion for class certification</u>: Discovery closes; and

    i.    <u>Within 14 days following an order on Plaintiffs' motion for class certification</u>: the parties shall propose a schedule for any necessary post-certification expert disclosures and further motion practice to include case-dispositive motions.

B.    <u>Settlement</u>[2]

The parties have not engaged in settlement negotiations to date and do not request a referral to the assigned Magistrate Judge for a settlement conference.

C.    <u>Proposed Discovery Plan</u>

In addition to meeting and conferring regarding the case schedule and settlement, the parties also met and conferred regarding a general framework for discovery and addressed the following matters:

    1.    As set forth in Fed. R. Civ. P. 26(b)(1), the parties will use their best efforts to propound discovery that is reasonably targeted, clear, and as specific as possible and that no party has a duty to collect electronically stored information (ESI) if it creates an undue burden or is not proportional to the needs of the case.

---

[1] To the extent that the Court adopts Plaintiffs' proposal for bifurcated briefing on class certification and summary judgment, Ford requests that the Court adopt a schedule that allows for cross-motions concerning class certification.

[2] The Parties agree on the language set forth in Sections B and C.

2. Ford proposes that the scope of discovery should be framed by the allegations in Plaintiffs' Consolidated Complaint, including with respect to the specific components or parts alleged to be defective in the 10R80 transmission equipped in 2017-2020 Ford F-150 pickup trucks. At this stage of the litigation, Plaintiffs do not agree to limit discovery in the manner proposed by Ford. Beyond that, Plaintiffs will attempt to narrowly frame the scope of other discovery needed before service of their first discovery requests to Ford. The parties will meet and confer as appropriate with respect to the scope of discovery.

3. While Ford asked Plaintiffs to agree that no discovery shall be conducted absent good cause shown as to topics relating to discovery on discovery, retention policies, search efforts in this matter, and/or documents or information that are classic work product or privileged such as materials generated by the attorneys in this case, Plaintiffs could not agree at this time and advised that they would consider this request but provided no alternative or rationale as to why they would not agree. The parties will meet and confer as appropriate with respect to these types of inquiries.

4. The parties will generally each respectively bear the burden and cost of producing their own responsive documents and ESI. However, the parties may seek reasonable cost sharing to the extent that discovery sought is unreasonably or unduly burdensome.

5. The parties agree to meet and confer on a reasonable number of depositions to be taken in this case.

6. Ford proposes that any 30(b)(6) notice must be served at least 28 days prior to the scheduled deposition and at least 45 days before the discovery cutoff date. Within 14 days of being served with the notice, the noticed entity may serve written objections. If the parties are unable to resolve the objections within 7 days of service of the objections, either party may seek resolution from the Court. Ford proposes that the deposition may otherwise proceed as to witnesses whose topics are not impacted by the objections and that neither party should be required to file a motion on the objections and that failure to do so should not constitute a waiver of the objections to the Notice or the Notice itself, and all such objections should be maintained. Plaintiffs do not agree to this proposal but have not offered a counter-proposal.

7. Ford also proposes that unless otherwise agreed to by the parties or ordered by the Court upon a showing of good cause, a deposition notice pursuant to Fed. R. Civ. P. 30(b)(6) shall not exceed 15 topics, including subparts. Plaintiffs proposed a limitation of 25 topics, including subparts. The parties will work together on a mutually agreeable limitation.

8. The parties agree to meet and confer on a reasonable number of requests for production that may be served. The parties discussed that neither anticipates serving 100 or more requests for production of documents and understand that voluminous written discovery can drastically increase the cost of discovery. The

parties agree to meet and confer as to undue burden or lack of proportionality before the service of discovery responses.

9. The parties agree that in general, if either party solely uses search terms to search for or identify responsive information, the Producing Party will disclose the list of search terms to the Receiving Party and provide the Receiving Party the opportunity to propose additional terms. The parties agree to meet and confer on the search terms as appropriate. The parties also agree, in principal, that no term will be added to the list if it generates an unreasonable number of nonresponsive documents or creates an undue burden. Plaintiffs propose that the Producing party will produce search term hit reports to provide Receiving Party with data to support requests for revision. Ford does not agree that exchanging search term reports is the most appropriate way to analyze whether search terms generate an unreasonable number of nonresponsive documents or an undue burden. Ford instead proposes that the parties meet and confer as needed regarding appropriate options, which may including a sample review and/or the exchange of anticipated costs, among other options. Focused terms and queries rather than overbroad queries should be employed. Search terms shall be disclosed if technology assisted review is used. If Technology Assisted review is used, the specifics of the software will be disclosed and the configuration parameters will be subject to negotiation.

10. The parties agree that produced images shall be produced in black and white Tagged Image File Format ("TIFF"). Microsoft Access files, Excel files, .CSV files and video and audio files, if any, will be produced natively or the parties will meet and confer on an appropriate production format. Plaintiffs request native production of all natively-produced files, even when redacted. Ford does not agree to this blanket request, and suggests that the parties meet and confer regarding the appropriate production format of redacted documents, if necessary. Other production formats will also be allowed, including, but not limited to, PDF format. The parties agree that they can globally de-dupe documents and use email threading. These parameters will be set forth in a proposed ESI protocol to be provided to Plaintiffs by Ford, including a list of metadata fields to be produced. Plaintiffs have asked Ford to include the "Custodian-All" field and "Custodian-All File Path" field.

11. Ford proposes that the Producing Party is best situated to decide how to search for and produce ESI responsive to discovery requests served in this case consistent with *See* The Sedona Principles, Third Edition, 19 SEDONA CONF. J. 1, Principle 6 ("Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own [ESI].").) Plaintiffs do not agree at this time and have not offered a counter-proposal.

12. The parties agree that irrelevant documents may be withheld from production and that Ford may redact personally identifiable information ("PII") of Ford customers and/or employees, or other information subject to federal, state, or foreign Data Protection Laws or other privacy obligations from its document production. All such redactions shall be clearly marked on the document (e.g., "Redacted –

Privacy" or "Redacted - PII"). Privileged redactions will also clearly be marked on the document (e.g., "Redacted – Privilege").

13. The parties initially agree that Ford shall not be required to search for and collect ESI from more than 10 custodians or for data that was created more than six years before the filing of Plaintiffs' initial Complaint. However, the parties agree to meet and confer regarding the number of custodians or years upon a showing of good cause or stipulation by the parties.

14. The parties agree that there is no duty to disclose privileged or work product documents or information. However, Plaintiffs contend that a showing of good cause is sufficient to overcome privilege or work product protections. Ford disagrees that a party's claim of privilege or work product can be overcome through a showing of good cause. Ford asked Plaintiffs to agree that neither party has a duty to log for privilege materials created after the filing of the Plaintiffs' initial Complaint in this case or any litigation files created or maintained by the parties' counsel or Ford's Offices of the General Counsel, Plaintiffs could not agree at this time and advised that they would consider this request.

15. The parties agreed that they would exchange categorical logs or metadata logs identifying responsive withheld privileged documents, and would meet and confer regarding redacted privileged documents before any privilege log was required to be created or exchanged.

16. The parties agree that a clawback provision pursuant to Rule 502(d) of the Federal Rules of Evidence is necessary for this case. Ford will provide a proposed Rule 502(d) order to Plaintiffs for consideration.

17. Plaintiffs will not oppose the entry of a Protective Order mutually agreed upon by the parties. Ford will provide a draft Protective Order to Plaintiffs for consideration.

Otherwise, the Parties will meet and confer regarding the entry of an ESI order, a Protective Order and a Rule 502(d) order, which will reference the above agreements and discussions, as well as additional matters to be contemplated by the parties.

Dated: October 21, 2021

By: */s/ Hector Torres*
Hector Torres (*Admitted Pro Hac Vice*)
Cindy Caranella Kelly (*Admitted Pro Hac Vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
htorres@kasowitz.com
ckelly@kasowitz.com

Mark H. Boyle
Mason W. Kienzle
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street
Suite 800
Chicago, IL 60603
Telephone: (312) 422-0900
boyle@dbmslaw.com
kienzle@dbmslaw.com

Jodi M. Schebel*
BOWMAN AND BROOKE LLP
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304
Telephone: (312) 422-0900
jodi.schebel@bowmanandbrooke.com

Mary T. Novacheck (*Admitted Pro Hac Vice*)
BOWMAN AND BROOKE LLP
150 S. Fifth Street Suite 3000
Minneapolis, MN 55402
Telephone: (612) 339-8682
mary.novacheck@bowmanandbrooke.com

*Attorneys for Defendant Ford Motor Company*

By: */s/ Gregory F. Coleman*
Gregory F. Coleman
Rachel Soffin
Ryan P. McMillan (*Admitted Pro Hac Vice*)
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
gcoleman@milberg.com
rsoffin@milberg.com
rmcmillan@milberg.com

Edward A. Wallace
WEXLER WALLACE LLP
55 W. Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

John R. Fabry (*Admitted Pro Hac Vice*)
THE CARLSON LAW FIRM, P.C.
1717 N. Interstate Highway 35
Suite 305
Round Rock, Texas 78664
Telephone: (512) 671-7277
Facsimile: (512) 238-0275

Sidney F. Robert*
300 Fannin, Suite 200
Houston, Texas 77002
Telephone: (713) 225-1682
Facsimile: (713) 225-1785

*Attorneys for Plaintiff*

**Pro Hac Vice* to be submitted