UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JUSTIN O'CONNOR, STANISLAW ZIELINSKI, DANIEL FAIR, BRYAN SMITH, JASON STEEN, WILLIAM FIEDLER, MICHAEL BARCELONA, ROBERT MARINO, BRIAN DOUGHERTY, SUSAN HELLER, VICTOR ORNDORFF, and MICHAEL MCDONALD on behalf of themselves and all others similarly situated,

Plaintiff,

v.

FORD MOTOR COMPANY,

Defendant.

Case No. 1:19-cv-05045

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

**Consolidated with Case Nos. 20-cv-1981, 20-cv-2095, 20-cv-2612, and 21-cv-6540**

**Judge Robert M. Dow, Jr.**
**Magistrate Judge Maria Valdez**

**Table of Contents**

PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY ............................................... 4

STATEMENT OF PARTIES' MEET AND CONFER EFFORTS ............................................... 4

DISPUTES AT ISSUE ............................................................................................................... 5

*1. FORD [REDACTED] DEVELOPMENT OF THE 10R80 TRANSMISSION............................................................................................................. 5*

*Interrogatory no. 23 and Request for Production ("RFP") nos. 62, 63 and 64: Shift issues with the 10R80 transmission began at the design stage. Therefore, information on Ford's [REDACTED] design of the 10R80 transmission with [REDACTED] is relevant and discoverable. ..................... 5*

*2. PERCIPIENT WITNESSES AND THEIR ROLES ............................................................. 7*

*RFP No. 61: Ford's Field Service Engineers have relevant documents regarding issues they have seen, in person and in aggregate, with 10R80 transmissions. ...................................... 7*

## Table of Authorities

**Cases**

*Gevas v. Wexford Health Sources*,
No. 20 C 50146, 2021 WL 5795308, at *3 (N.D. Ill. Dec. 7, 2021)........................................... 6

*Manassa v. Nat'l Collegiate Athletic Ass'n*,
No. 120CV03172RLYMJD, 2022 WL 2292833, at *5 (S.D. Ind. June 23, 2022)..................... 7

*Rice v. Nat'l Beverage Corp.*,
No. 18-cv-7151, 2019 WL 10852803, at *2 (N.D. Ill.. Aug. 16, 2019)..................................... 6

*Schaap v. Exec. Indus., Inc.*,
130 F.R.D. 384, 387 (N.D. Ill. 1990) ......................................................................................... 7

*Superior Graphite Co. v. Campos*,
No. 19 C 5830, 2020 WL 5210841, at *2 (N.D. Ill. Sep. 1,2020) ............................................. 6

**Statutes**

Fed. R. Civ. P. 26(b)(1)................................................................................................................ 6

Fed. R. Civ. P. 37(a)(4)................................................................................................................ 6

**PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY**

Plaintiffs move this Court to compel Defendant Ford Motor Company ("Ford") to produce documents and answer interrogatories as detailed below.

Attached to this motion as Exhibit A are Ford's responses to the discovery requests at issue.

**STATEMENT OF PARTIES' MEET AND CONFER EFFORTS**

Pursuant to Local Rule 37.2, Plaintiffs state that after sending a letter setting forth their positions and consultation by telephone in good faith attempts to resolve differences, they are unable to reach an accord on a number of discovery issues. Specifically, Plaintiffs recite as follows:

On October 12, 2022, Ford served its Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents ("RFP") and Plaintiffs' Second Set of Interrogatories. Ford then served its Responses and Objections to Plaintiffs' Third Set of RFP on October 17, 2022. These responses were filled with boilerplate objections, many of which appeared to be copied and pasted from past responses. Plaintiffs therefore sent a letter to Ford on October 20, 2022 outlining their concerns and requesting a meet and confer.

The Parties spoke on October 28, 2022[1] and attempted to resolve discovery issues. Multiple discovery disputes were left unresolved, so Plaintiffs prepared a Motion to Compel. On November 2, Plaintiffs notified Ford of the Motion and inquired if Ford was opposed to a Motion to Seal documents designated by Ford as Confidential and relied on within the Motion to Compel. In response, Ford informed Plaintiffs it would send supplemental responses to Plaintiffs' discovery requests; Ford sent those responses on November 3 at 9:51 P.M. (Eastern Time).[2] While Ford's

[1] In attendance at this call were Plaintiffs' counsel John Fabry, Leland Belew, and Morgan Ferrell, and Defendant's counsel Jodi Schebel, Cindy Kelly, and Stephen Thomasch.

[2] Attached are Exhibit B, Ford Motor Company's Supplemental Answers and Objections to Nos. 22 and 24 of Plaintiffs' Second Set of Interrogatories; Exhibit C, Ford Motor Company's Responses and Objections to Plaintiff's Third Set of Requests for Production of Documents; and

supplemental responses settled some discovery disputes, a number remain unresolved. Accordingly, Plaintiffs believe that Court intervention is necessary.

## DISPUTES AT ISSUE

### 1. *FORD AND [REDACTED] DEVELOPMENT OF THE 10R80 TRANSMISSION*

*Interrogatory no. 23 and Request for Production ("RFP") nos. 62, 63 and 64: Shift issues with the 10R80 transmission began at the design stage. Therefore, information on Ford's [REDACTED] design of the 10R80 transmission with [REDACTED] is relevant and discoverable.*

Plaintiffs' Interrogatory no. 23 and RFP nos. 62, 63 and 64 seek information about Ford's [REDACTED] design of the 10R80 transmission with [REDACTED][3] Documents indicate that the shifting issues at the center of Plaintiffs' case are endemic to the transmission's design, and may have been present since the initial design stage. *See, e.g.*, Exhibit E, Ford_O'Connor_000047431- 38 (May 16, 2019) (discussing a comparison of [REDACTED] in the [REDACTED]- "[REDACTED]"); Exhibit F, Ford_O'Connor_000042467- 69 (Dec. 12, 2014) ("[REDACTED]"); Exhibit G, Ford_O'Connor_000069235- 37 (Feb. 9, 2015) ("[REDACTED]"). Information on Ford's "[REDACTED]" with [REDACTED] is therefore relevant and discoverable. Ford nevertheless refuses to respond to *any* of these requests.

With respect to Interrogatory no. 23 and RFP no. 62, (as well as RFP nos. 63 and 64 discussed below) Ford refuses to even admit that [REDACTED] was involved in development stages, a fact

Exhibit D, Ford Motor Company's Supplemental Responses and Objections to Matter Nos. 1 and 2 of Plaintiffs' First Notice of Deposition Pursuant to FRCP 30(b)(6).

[3] In their supplemental responses, Ford agreed to produce a witness to "discuss General Motor's involvement in the development of a 10-speed transmission, if any." *See* Exhibit D. However, Ford has yet to adequately respond to Interrogatory no. 23 and continues to object to RFP nos. 62, 63, and 64.

well supported by documents already produced by Ford referencing the . *See, e.g.*, Exhibit H, Ford_O'Connor_000053410-12 (Aug. 27, 2012) ("                    "); Exhibit I, Ford_O'Connor_000062074-97, pp. 22-24 (Oct. 9, 2012) (discussing the                    and how a                    ). Instead, Ford ignores Plaintiffs' request and states only that "the 10R80 transmission was designed and developed by Ford Motor Company" and refers to all custodial documents already produced (approximately 7,300 pages). *See* Exhibit A. Such responses are tantamount to no response at all. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *see also Gevas v. Wexford Health Sources*, No. 20 C 50146, 2021 WL 5795308, at *3 (N.D. Ill. Dec. 7, 2021) ("Plaintiff's responses are evasive and tantamount to no response at all.").

Ford's response to RFP no. 63 claims that this request is not proportional to the needs of this case because it involves proprietary information. *See* Exhibit A. However, whether information is proprietary is not a factor in determining proportionality (*see* Fed. R. Civ. P. 26(b)(1)), and, as Plaintiffs have repeatedly explained, such an objection is especially unfounded when a protective order is in place, as it is here. *Rice v. Nat'l Beverage Corp.*, No. 18-cv-7151, 2019 WL 10852803, at *2 (N.D. Ill. Aug. 16, 2019); *see also Superior Graphite Co. v. Campos*, No. 19 C 5830, 2020 WL 5210841, at *2 (N.D. Ill. Sep. 1,2020) ("One of the most commonly used safeguards in trade secret cases is, of course, disclosure only to counsel in the case. Case after case has found such a safeguard appropriate and adequate").

As for RFP no. 64, first, Ford refuses to produce the names of individuals who were involved in the development of the 10R80, yet insists that Plaintiffs limit their request to a specific number of individuals. *See* Exhibit A. How Ford expects Plaintiffs to accomplish this is a mystery. Second, Ford once again fails to substantiate its unduly burdensome claim, simply refusing to explain *why* production would be burdensome. *See* Exhibit A. Courts require the objecting party to specify the nature and extent of the burden; Ford's statements about "the passage of time" do not accomplish this. *See, e.g.*, *Manassa v. Nat'l Collegiate Athletic Ass'n*, No. 120CV03172RLYMJD, 2022 WL 2292833, at *5 (S.D. Ind. June 23, 2022) ("the objecting party bears the burden to explain **precisely** why its objections are proper given the broad construction of the federal discovery rules") (emphasis in original); *Schaap v. Exec. Indus., Inc*., 130 F.R.D. 384, 387 (N.D. Ill. 1990).

*Relief Requested:* That Defendant be compelled to provide a complete response to Plaintiffs' Interrogatory no. 23, and that Defendant be compelled to provide documents responsive to Plaintiffs' RFP nos. 62, 63, and 64.

## *2. PERCIPIENT WITNESSES AND THEIR ROLES*

*RFP No. 61: Ford's Field Service Engineers have relevant documents regarding issues they have seen, in person and in aggregate, with 10R80 transmissions.*

RFP no. 61 seeks documents and communications concerning the 10R80 transmissions from Ford's Field Service Engineers ("FSEs") identified in the supplemental response to Interrogatory no. 22.[4] FSEs are not only recipients of escalated concerns by dealerships and technicians, but they also conduct inspections of vehicles with issues in the field, which includes incidents involving shifting issues related to defective 10R80 transmissions. FSEs work in specific

[4] After the Parties' meet and confer, Ford agreed to provide a response to Interrogatory no. 22. However, Ford continues to object to RFP no. 61.

geographical areas that include specific Ford dealerships. As a result, these FSEs have first-hand knowledge about shifting concerns with the 10R80 transmissions.

Ford objects that RFP 61 "fails to describe the documents being sought with reasonable particularity because it seeks the production of all documents and communications [and so] is not proportional to the needs of the case." *See* Exhibit A. But that is incorrect; RFP no. 61 is explicitly limited to documents concerning the 10R80 transmission and only involving those FSEs covering "the geographical areas [for] each of the named Plaintiffs".

Ford further claimed during meet and confer that it believes it had already produced responsive documents through its production of [REDACTED] data. This response is insufficient. Not only is it not specific to the individuals responsive to Interrogatory no. 22, there is also no assurance or indication that such information is complete. Accordingly, this is an appropriate opportunity to employ search terms across the computers, files, and communications of the FSEs responsive to Interrogatory no. 22. Plaintiffs have requested that Ford run search strings against the Ford email accounts for the individuals responsive to Interrogatory no. 22, starting with the following:

> (10R or 10-speed or "10 speed") and (hesitat*, rough*, lurch*, jerk*, stall*, slip*, engag*)
>
> Exhibit J, email from Leland Belew dated October 28, 2022; *see also,* Exhibit K, letter from Leland Belew dated October 20, 2022.

*__Relief Requested__*: That Defendant be compelled to use search terms and provide documents responsive to Plaintiffs' RFP no. 61.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Motion to Compel Discovery be granted against Defendant Ford Motor Company.

DATED: November 4, 2022

Respectfully submitted,

/s/ *Mitchell Breit*
Mitchell Breit
Leland Belew
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
T: 347.668.8445
mbreit@milberg.com
lbelew@milberg.com

Gregory F. Coleman
Ryan P. McMillan*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049
gcoleman@milberg.com
rmcmillan@milberg.com

John R. Fabry*
**THE CARLSON LAW FIRM, P.C.**
1717 N. Interstate Highway 35
Suite 305
Round Rock, Texas 78664
T: (512) 671-7277
F: (512) 238-0275
JFabry@carlsonattorneys.com

Sidney F. Robert*
**BRENT COON AND ASSOCIATES**
300 Fannin, Suite 200
Houston, Texas 77002
T: 713-225-1682
F: 713-225-1785
sidney.robert@bcoonlaw.com

Edward A. Wallace
Mark R. Miller
**WALLACE MILLER**
150 N. Wacker Drive, Suite 1100

Chicago, IL 60606
T: (312) 261-6193
F: (312) 275-8174
eaw@wallacemiller.com
mrm@wallacemiller.com

*ATTORNEYS FOR PLAINTIFFS*

* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that, on November 4, 2022, he caused a true and correct copy of the foregoing Plaintiffs' (Second) Motion to Compel Discovery to be served upon all parties listed below by electronically filing the same with the CM/ECF system.

Hector Torres
Cindy Caranella Kelly
Stephen P. Thomasch
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
htorres@kasowitz.com
ckelly@kasowitz.com
sthomasch@kasowitz.com

Mark H. Boyle
Mason W. Kienzle
**DONOHUE BROWN MATHEWSON & SMYTH LLC**
140 South Dearborn Street, Suite 800
Chicago, IL 60603
boyle@dbmslaw.com
kienzle@dbmslaw.com

Jodi M. Schebel
**BOWMAN AND BROOKE LLP**
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304
jodi.schebel@bowmanandbrooke.com

Mary T. Novacheck
**BOWMAN AND BROOKE LLP**
150 S. Fifth Street Suite 3000
Minneapolis, MN 55402
mary.novacheck@bowmanandbrooke.com

/s/ *Mitchell Breit*
Mitchell Breit