# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN O'CONNOR, et al., on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>FORD MOTOR COMPANY,<br><br>     Defendant. | Case No. 1:19-cv-5045 |

**FORD MOTOR COMPANY'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO NOS. 22 AND 24 OF PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Defendant Ford Motor Company ("Ford") Answers and objects in supplement to Nos. 22 and 24 of Plaintiffs' Second Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

These Answers are made solely for the purpose of this action. Ford has not yet completed its investigation of the facts related to this litigation and discovery is continuing. Accordingly, the following Answers are based upon, and therefore necessarily limited by, the records and information still in existence, presently collected, and thus far discovered in the course of preparing these Answers. Ford reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not yet discovered, or the relevance of which has not yet been identified, by Ford or its counsel.

Further, although Ford has identified materials that it will produce, Ford does not waive its objection that such documents are outside the proper scope of discovery. Ford does not stipulate or otherwise admit that documents and other materials it produces are authentic, relevant, or

1

admissible. Ford expressly reserves all objections to admission of these materials provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable rules of evidence and procedure.

In addition, in several responses below, Ford identified specific information which it would search for and produce, and otherwise objected. Ford does not agree to search for information beyond what was identified in Ford's answers for the reasons set forth therein.

## MANNER, TIMING AND COST OF PRODUCTION

Ford will produce documents in the manner and format as agreed in the parties Joint Status Report (ECF 86), filed October 21, 2021, and as set forth in Ford's proposed version of the parties' Joint Discovery Plan, which has been provided to and is under consideration by Plaintiffs.

Additionally, the production of information and documents containing trade secrets or other confidential research, development, or proprietary commercial information will be produced subject to a Protective Order, to which the parties have agreed in principle.

## SPECIFIC OBJECTIONS TO PLAINTIFFS' DEFINITIONS

Ford objects to Plaintiffs' Definitions as follows:

Ford objects to the definition of "Class Vehicles" as overly broad, unduly burdensome and seeking irrelevant information because Plaintiffs' definition includes all vehicles equipped with a 10R80 transmission, and is not limited to the vehicles at issue in the Consolidated Amended Class Action Complaint (ECF 63) (the "Consolidated Complaint"). The putative class consists of "all persons in the United States and its territories who formerly or currently own or lease one or more of 2017 to 2020 Model Year Ford F-150 trucks with a 10R80 10-speed automatic transmission." (Consolidated Compl. ¶ 205.) This understanding was confirmed by Plaintiffs' counsel during the parties' January 26, 2022 meet and confer. Accordingly, Ford will construe the term "Class

2

Vehicles" to mean only 2017-2020 model year Ford F-150 pickup trucks equipped with a 10R80 transmission.

Ford objects to the definitions of "DEFENDANT," "FORD," "YOU," and/or "YOUR" because they are overly broad, unduly burdensome, seek information not relevant to the claims and defenses in this lawsuit, and would require Ford to provide information that is not within its possession, custody, or control. Plaintiffs' definition includes entities that are not parties to this lawsuit, including Ford's subsidiaries, predecessors and assignors. These definitions also do not identify a particular predecessor, assignor, subsidiary, director, officer, employee, agent, contractor, consultant, attorney or other person with any particularity, and is not limited by subject matter or connection to the allegations in this case. Further, a number of these entities are separate legal entities, which are not parties to this case, and Ford cannot respond on their behalf. In addition, this definition includes "attorneys" or any person acting or purporting to act on Ford's behalf, and accordingly, improperly seeks information that is or may be protected by the attorney-client privilege and the work product doctrine. Ford will construe the terms "Defendant," "Ford," "You," and/or "Your," to refer to Ford Motor Company and its employees in the United States.

Ford objects to the definition of "PLAINTIFFS" because it is overly broad and seeks information not relevant to the claims and defenses in this lawsuit. Plaintiffs' definition includes Justin O'Connor, who is no longer a party to this action following the Court's dismissal of all claims asserted by O'Connor in its October 19, 2021 Memorandum Opinion and Order (ECF 83).

## **OTHER SPECIFIC OBJECTIONS**

Many of Plaintiffs' Interrogatories seek "all" or "any" documents or information within, or documents related to, a certain category. Ford objects to these Interrogatories because they are overly broad, unduly burdensome and seek irrelevant documents and information, as there are

3

numerous documents and information that could refer or relate to the categories in these Interrogatories, and Plaintiffs have failed to otherwise limit, or describe the information sought or reasonably particularize the categories of information sought. *See Heckler & Koch, Inc. v. German Sport Guns GMBH*, 2013 WL 5915196, *2 (S.D. Ind. Nov. 1, 2013) ("Language such as 'any and all' or 'including but not limited to' raise a red flag that the request is too broad"); *CTF Illinois v. Wesco Ins. Co.*, 2019 WL 9832190, at *5 (C.D. Ill. Nov. 1, 2019) (request for any documents "related to" a prior estimate places an undue burden on the responding party).

## SUPPLEMENTAL ANSWERS AND OBJECTIONS TO NOS. 22 AND 24 OF SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 22:**

Identify (by name, complete street address, contact name, and telephone number) ALL PERSONS employed by Ford as field service engineers for the geographical areas covering each of the named Plaintiffs.

**ANSWER:** Ford Field Service Engineers who may have inspected the named Plaintiffs' vehicles are identified in the repair records for such vehicles, which are in Plaintiffs' possession.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information because it is not limited to a reasonable timeframe, the claims in this case, to any particular vehicle, to any particular Plaintiff, or to any particular Field Service Engineer. For such reasons, this information is not proportional to the needs of the case. Ford also objects to this Interrogatory because the phrase "geographical areas covering each of the named Plaintiffs" lacks reasonable specificity because it is undefined and therefore vague. Ford further objects to this Interrogatory as unduly burdensome because the identification of Field Service Engineers would have changed over the course of several years, as individuals and

4

employees change positions, retire or otherwise move within the company or outside of Ford, which would make this Interrogatory unreasonable and maybe impossible to respond to, particularly because it is unlimited in time. In addition, it is not limited to a reasonable or proportional number of individuals or even those with key knowledge related to the 10R80 transmission or Plaintiffs' vehicles.

**SUPPLEMENTAL ANSWER:** In supplemental answer, pursuant to the parties' meet and confer conference on October 28, 2022 and Plaintiffs' October 28, 2022 email to Ford's counsel regarding this Interrogatory, Ford will identify the Ford Field Service Engineers assigned to the following dealerships from September 2016 through the present:

1. Buss Ford in McHenry, IL
2. Citrus Ford in Ontario, CA
3. The Ford Store Morgan Hill in Morgan Hill, CA
4. Townsend Ford in Townsend, MA
5. Colonial Ford in Marlborough, MA
6. Quirk Ford in Quincy, MA
7. York Ford in Saugus, MA
8. Ditschman Ford in Flemington, NJ
9. Healey Brother's Dealership in Goshen, NY
10. Leo Kaytes in Warwick, NY
11. Pegues-Hurst in Longview, TX

Ford agrees to identify such persons and serve a supplemental response on or before November 23, 2022. Ford understands that its agreement to the foregoing resolves the parties' dispute regarding this Interrogatory.

Ford otherwise incorporates its answer and objections above.

**INTERROGATORY NO. 23:**

Describe in detail the joint development of the 10-speed transmission between Ford and General Motors ("GM"), including the division of responsibilities and/or resources committed, and the identity of individuals involved in the development (both from Ford and GM).

**ANSWER:** The 10R80 transmission was designed and developed by Ford Motor Company.

5

With respect to the design, development, engineering, manufacture, production, assembly, testing, modification and investigation of thee 10R80 transmission, Ford refers Plaintiffs to Ford's Answers and objections to Plaintiffs' First Set of Interrogatories, No. 2. Therein, Ford stated:

> The design, development, engineering, manufacture, production, assembly, testing, modification, and investigation of field concerns for the 10R80 transmission are complex, iterative processes, which include the participation of numerous Ford employees, suppliers, and/or sub-suppliers. The identification of these individuals is dependent on the particular part, component, system, alleged concern, or issue with the 10R80 transmission. Accordingly, this Interrogatory cannot be distilled down to a single individual, group of individuals, or supplier without more information as to the identification of a specific subject matter. However, in an attempt to answer this Interrogatory, and as to the overall design, development, engineering, manufacture, production, assembly, testing, and modification of the 10R80 transmission, Ford participated in these activities. Ford also identifies the following Ford employees who had some level of participation in one or more of these activities and represent a reasonable and proportionate number of individuals involved:
>
> - David Aho – Transmission Service Engineer
> - Rob Gawronski – 10R80 Systems Supervisor
> - Abigail Henning – Product Development Engineer, Transmission Systems
> - Kara Kennedy - ICE/BEV Transmission Components & Systems Chief Engineer
> - Kris Kwasniewicz - Transmission Driveline Engineering (TDE) 6R/10R Systems Manager
> - Brian O'Neil (ret.) – Calibration Supervisor
> - Kevin Norris - Engineering Manager, Transmission Systems
> - Amy Schang - 10R Product Analyst
>
> As to the complete street address, contact name, and telephone number of these individuals, Ford's employees may be contacted through its counsel of record. Otherwise, Ford's headquarters is located at One American Road, Dearborn, Michigan. As to testing, Ford also identifies AVL.

AVL is an independent company which develops, simulates and/or tests powertrain systems, such as transmissions into vehicles. With respect to the 10R80 transmission equipped in 2017-2020 Ford F-150 pickup trucks, AVL performed certain vehicle testing and calibration support. AVL's North American Headquarters is located at 45700 Mast Street, Plymouth, MI 48170, 734-414-9600. In addition, upon identification by Plaintiffs of a particular component or part of the 10R80 transmission at issue, Ford will attempt to answer further. Last, through Ford's document production, additional Ford employees or suppliers who had responsibility for or participated in the design, development, engineering, manufacture, production, assembly, testing, and modification or investigation will be identified. Ford refers Plaintiffs to Ford's anticipated document production.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information because it is not limited to a reasonable timeframe, the claims in this case or to any particular component or part of the 10R80 transmission allegedly at issue. Ford also objects to this Interrogatory as unduly burdensome because the recreation of or search for all persons, which necessarily would have changed over the course of several years, as individuals, committees, departments and employees change positions, retire or otherwise move within the company or outside of Ford, would make this Interrogatory unreasonable and may be impossible to respond to. Further, it is not limited to a reasonable or proportional number of individuals or even those with key knowledge related to this case or Ford's defenses and seeks the identification of individuals who do not have personal knowledge or may only have a passing knowledge related to the issues in this case. In addition, given the passage of time, and the fact that the design and development of a vehicle, including its component parts, takes place over a number of years, it would be difficult, if not impossible to identify all individuals, suppliers, sub-suppliers, and groups

7

implicated by this Interrogatory. Ford further objects to this Interrogatory because it seeks information protected by the attorney-client privilege and/or work product doctrine, as it could encompass communications that reflect the legal advice, mental impressions, and legal strategies prepared for anticipated or pending litigation by Ford's attorneys, Ford's Office of the General Counsel, or those working under their direction and supervision.

**INTERROGATORY NO. 24:**

Identify the individuals who perform, oversee, or participate in testing and/or analysis at Ford's engineering facility in Dearborn, Michigan, related to 10R80 transmissions.

**ANSWER:** Ford refers Plaintiffs to its Answer to Interrogatory No. 23 above, which contains information response to this Interrogatory.

Beyond this, Ford objects to this Interrogatory as overly broad, unduly burdensome, and seeking irrelevant information because it is not limited to the 10R80 transmission equipped in Ford F-150 pickup trucks at issue in this case, to the claims at issue in this case, or to a reasonable timeframe, and therefore is not proportional to the needs of the case. Ford also objects to this Interrogatory as unduly burdensome because the recreation of or search for all persons, which necessarily would have changed over the course of several years, as individuals, committees, departments and employees change positions, retire or otherwise move within the company or outside of Ford, would make this Interrogatory unreasonable and may be impossible to respond to. Further, it is not limited to a reasonable or proportional number of individuals or even those with key knowledge related to this case or Ford's defenses and seeks the identification of individuals who do not have personal knowledge or may only have a passing knowledge related to the issues in this case. In addition, given the passage of time, and the fact that the design and development of a vehicle, including its component parts, takes place over a number of years, it would be

8

difficult, if not impossible to identify all individuals and groups implicated by this Interrogatory.

**SUPPLEMENTAL ANSWER:** In supplemental answer, pursuant to the parties' meet and confer conference on October 28, 2022 during which Plaintiffs confirmed that they agree to modify this Interrogatory to seek the names of persons who receive returned transmissions from the field, Ford agrees to identify such persons and serve a supplemental response on or before November 23, 2022. Ford understands that its agreement to the foregoing resolves the parties' dispute regarding this Interrogatory.

Ford otherwise incorporates its answer and objections above.

Dated: November 3, 2022

KASOWITZ BENSON TORRES LLP

Hector Torres (*Admitted Pro Hac Vice*)
Cindy Caranella Kelly (*Admitted Pro Hac Vice*)
Stephen P. Thomasch (*Admitted Pro Hac Vice*)
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
htorres@kasowitz.com
ckelly@kasowitz.com
sthomasch@kasowitz.com

*Attorneys for Defendant Ford Motor Company*

DONOHUE BROWN MATHEWSON & SMYTH LLC

Mark H. Boyle
Mason W. Kienzle
140 South Dearborn Street, Suite 800
Chicago, IL 60603
Telephone: (312) 422-0900
boyle@dbmslaw.com
kienzle@dbmslaw.com

By: */s/ Jodi M. Schebel*
Jodi M. Schebel*
BOWMAN AND BROOKE LLP
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304
Telephone: (312) 422-0900
jodi.schebel@bowmanandbrooke.com

*Co-Counsel for Defendant Ford Motor Company*

\**pro hac vice* to be submitted

9

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUSTIN O'CONNOR, et al., on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>  v.<br><br>FORD MOTOR COMPANY,<br><br>              Defendant. | Case No. 1:19-cv-5045<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' SECOND SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT FORD MOTOR COMPANY** |

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing instrument was served on November 3, 2022, on all counsel of record pursuant to the Federal Rules of Civil Procedure.

                                                                */s/ Jodi Schebel*
                                                                Jodi Schebel