# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------------- x
:
JUSTIN O'CONNOR, et al., on behalf of himself :
and all other similarly situated, : Case No. 19-cv-5045
:
Plaintiffs, : Consolidated with Case
: Nos. 20-cv-1981, 20-cv-2095,
- against - : 20-cv-2612, and 21-cv-6540
:
FORD MOTOR COMPANY, : Judge Robert M. Dow, Jr.
: Magistrate Judge Maria Valdez
Defendant. :
:
---------------------------------------------------------------- x

**FORD MOTOR COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO**
**MATTER NOS. 1 AND 2 OF**
**PLAINTIFFS' FIRST NOTICE OF DEPOSITION PURSUANT TO FRCP 30(b)(6)**

Defendant Ford Motor Company ("Ford") responds and objects in supplement to Matter Nos. 1 and 2 of Plaintiffs' First Notice of Deposition Pursuant to FRCP 30(b)(6) as follows:

**PRELIMINARY STATEMENT**

Ford agrees to make its offered deponent(s) available for deposition at a mutually agreeable date and time subject to the limiting objections set forth herein. However, Plaintiffs are entitled to only one deposition of Ford Motor Company, absent good cause, and thus Ford will not produce witnesses in response to more than one notice under Fed. R. Civ. P. 30(b)(6). Ford therefore rejects Plaintiffs' notion that this is their "first" such notice, with others to follow.

**SPECIFIC OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS**

Ford objects to Plaintiffs' Instructions as follows:

Ford objects to Plaintiffs' Instruction purporting to require Ford to identify its witnesses in advance of deposition. No such requirement exists in Fed. R. Civ. P. 30(b)(6).

1

Ford also objects to Plaintiffs' Instruction purporting to require Ford to produce documents in advance of any deponent's deposition, when no document request pursuant to Rule 34 has been served and no such requirement exists in Fed. R. Civ. P. 30(b)(6).

## SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MATTERS FOR EXAMINATION NOS. 1 AND 2

**MATTER FOR EXAMINATION NO. 1:**

Ford's development and design of the 10R80 transmission, including, but not limited to:

a. Ford's purpose and intent for developing a 10-speed transmission;

b. Ford's collaboration with General Motors in developing a 10-speed transmission; and

c. Identity of individuals who participated in the conception, development, and preliminary design of the 10-speed transmission.

**RESPONSE:** Ford will produce a witness to testify generally regarding the design requirements and system design specifications for the 10R80 transmission, the design verification testing for the 10R80 transmission conducted by Ford, the design intent for the 10R80 transmission and the intended design attributes for the 10R80 transmission, as used in 2017-2020 Ford F-150 pickup trucks, at a mutually agreeable date and time.

Otherwise, Ford objects to this Matter as overly broad, unduly burdensome, and seeking irrelevant information because it is not limited to 2017-2020 Ford F-150 pickup trucks, to any particular component or part of the transmission, which is itself made up of many individual components and parts (most of which are not alleged to be at issue in this case), or to any particular area of design or development of the 10R80 transmission, and therefore fails to identify the matters sought with reasonable particularity. Ford also objects to this Matter to the extent it assumes that Ford and General Motors "collaborat[ed]" on the development of the 10R80 transmission. Ford further objects to this Matter as overly broad, unduly burdensome, and seeking irrelevant testimony

2

because any collaboration between Ford and General Motors is unrelated to Plaintiffs' claims in this case as the 10R80 transmission was designed and developed by Ford, not General Motors. In addition, Ford objects to this Matter to the extent it seeks the disclosure of highly confidential information that is proprietary to Ford regarding Ford's discussions with General Motors regarding the development of the 10R80 transmission. Ford has a legitimate interest in keeping this information confidential because it provides Ford with a competitive advantage in the automotive marketplace over others without such information. For such reasons, the information sought in this Matter is not proportional to the needs of the case. Further, Ford objects to sub-category (c) of this Matter as overly broad, unduly burdensome and not proportional to the needs of the case because Plaintiffs have already been provided with a reasonable and proportionate number of persons involved with the design and development of the 10R80 transmission.

**SUPPLEMENTAL RESPONSE:** In supplemental response, pursuant to the parties' meet and confer conference on October 28, 2022 and as to sub-section (b), Ford will produce a witness at a mutually agreeable date and time, to discuss General Motors' involvement in the development of a 10-speed transmission, if any.

Ford otherwise incorporates its response and objections above.

**MATTER FOR EXAMINATION NO. 2:**

Ford's internal issue-resolution protocols, procedures, and practices, including, but not limited to:

a. Communications from Ford dealerships and authorized repair shops to Ford regarding issues, problems, and/or concerns experienced by owners of Ford vehicles;

b. Identification of general, widespread, or otherwise not "stand-alone" issues, problems, and/or concerns experienced by owners of Ford vehicles;

c. Escalation of such issues, after being identified, to investigation and subsequent steps towards resolution;

    d.  Investigation of such issues; and

    e.  Steps available to Ford for addressing such concerns (both for vehicles that have already been manufactured and/or sold, as well as pre-production vehicles).

**RESPONSE:** Ford does not agree to produce a witness to testify regarding this Matter. Ford objects to this Matter as overly broad and vague because the subject of the testimony sought is unclear. Specifically, it is unknown whether this Matter seeks testimony regarding Ford's internal protocols, procedures and practices regarding sub-topics (a) through (e), or seeks testimony regarding sub-topics (a) through (e), or both. To the extent it is the latter, Ford objects to this Matter as overly broad, unduly burdensome, and seeking irrelevant information because it does not identify any particular communication from a Ford dealership or authorized repair shop, or any particular customer complaint or concern, or escalated issue or investigation, about which testimony is sought. In addition, the facts and circumstances of other incidents in other vehicles involving other customers, which are the basis of a communication, complaint, claim, issue or investigation with or within Ford, are unique to each such communication, complaint, claim, issue or investigation, as well as to each set of applicable facts; therefore, no one person would be knowledgeable regarding every such incident. Compliance with Plaintiffs' notice improperly requires one person to become familiar with every communication, complaint, claim, issue or investigation involving the 10R80 transmission without any limitation to the claims in this case with respect to shift quality. Such a requirement is not proportional to the needs of this case, and renders this Matter outside the bounds of proper discovery. Moreover, a deposition on this Matter is unnecessary because Plaintiffs can obtain the same information sought by simply reading the documents that Ford has produced in this case.

       In addition, Ford objects to this Matter as overly broad, unduly burdensome and seeking irrelevant information because it is not limited to 2017-2020 Ford F-150 pickup trucks, to the

4

10R80 transmission, or to shift quality issues with such transmission. Ford should not be required to prepare a witness to testify regarding Ford's internal protocols, procedures and practices for unrelated systems, components and parts because such information would be wholly unrelated to Plaintiffs' claims and would not be proportional to the needs of this case.

**SUPPLEMENTAL RESPONSE:** In supplemental response and pursuant to the parties' meet and confer conference on October 28, 2022 during which Plaintiffs confirmed that they seek a witness on procedures generally, and do not seek substantive testimony regarding the sub-categories identified in this Matter, and for the time period limited to "when the 10R80 was on the market," so from approximately September of 2016 to the present, Ford will produce a witness at a mutually agreeable date and time, to testify regarding Ford's internal processes and procedures as to the 10R80 transmission equipped in 2017-2020 Ford F-150 pickup trucks, with respect to communicating with Ford dealerships regarding customer concerns, the issuance of Technical Service Bulletins ("TSBs"), and the investigation and/or escalation of warranty claims or customer concerns, if any, whether for pre-production or after sale.

Ford otherwise incorporates its response and objections above.

**MATTER FOR EXAMINATION NO. 3:**

The issue affecting the 10R80 transmission which causes them to "shift harshly and erratically, causing the vehicle to jerk, lunge, and hesitate between gears" (*see* Consolidated Amended Class Action Complaint, ECF Dkt. No. 63, ¶ 3; *see also id.* ¶ 180, pp. 43-49), specifically:

   a. Ford's identification and awareness of issues regarding performance of the 10R80 transmission (i.e., harsh or erratic shifting, as well as jerking, lunging, and/or hesitating between gears);

   b. Ford's investigations into such issues, including, but not limited to investigations into (i) possible causes of the "harsh-shifting," (ii) possible solutions for "harshshifting," and (iii) the impact and result of attempted solutions; and

    c. Ford's roll-out and implementation of attempted solutions to address such issues (including, but not limited to, Ford's Technical Service Bulletins TSB 17-2262, TSB 18-2079, TSB 18-2274, TSB 21-2315, TSB 21-2357 and TSB 22-2139).

**RESPONSE:** Ford will produce a witness to testify generally regarding Ford's awareness of, and investigation into, shift quality concerns on the 10R80 transmission equipped in 2017-2020 Ford F-150 pickup trucks as reflected in Ford Technical Service Bulletins TSB 17-2262, TSB 18-2079, TSB 18-2274, TSB 21-2315, TSB 21-2357 and TSB 22-2139, as well as possible solutions for the resolution of such shift quality concerns, at a mutually agreeable date and time.

    Otherwise, Ford objects to this Matter as overly broad and vague to the extent it presumes that there is an "issue affecting the 10R80 transmission which causes them to 'shift harshly and erratically, causing the vehicle to jerk, lunge, and hesitate between gear,'" or "issues regarding performance of the 10R80 transmission," or "investigations into such issues." Ford also objects to sub-category (a) through (c) of this Matter as overly broad, unduly burdensome and seeking irrelevant information for at least three reasons. First, these sub-categories are not limited to shift quality issues with 10R80 transmissions equipped in 2017-2020 Ford F-150 pickup trucks. Ford should not be required to prepare a witness to testify regarding the "performance" of the 10R80 transmission unrelated to shift quality, because such information is wholly unrelated to Plaintiffs' claims and would not be proportional to the needs of this case. Second, the term "i.e." is vague and creates an ambiguity as to whether this Matter seeks testimony limited to the terms that follow, or something else that is entirely undefined. Third, the terms "harsh-shifting" and "harshshifting" are in quotations without an identified source, which creates an ambiguity as to the testimony sought because no source is specified and Ford is left to speculate as to Plaintiffs' intended meaning of these undefined terms. Further, Ford objects to sub-category (c) of this Matter as overly broad and vague to the extent it implies that the listed TSBs were intended to address the

issues quoted in this Matter. Such TSBs speak for themselves and are their own best evidence of content.

Dated: November 3, 2022

| KASOWITZ BENSON TORRES LLP | DONOHUE BROWN MATHEWSON & SMYTH LLC |
|---|---|
| Hector Torres (*Admitted Pro Hac Vice)*<br>Cindy Caranella Kelly (*Admitted Pro Hac Vice)*<br>Stephen P. Thomasch (*Admitted Pro Hac Vice*)<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>htorres@kasowitz.com<br>ckelly@kasowitz.com<br>sthomasch@kasowitz.com<br><br>*Attorneys for Defendant Ford Motor Company* | Mark H. Boyle<br>Mason W. Kienzle<br>140 South Dearborn Street, Suite 800<br>Chicago, IL 60603<br>Telephone: (312) 422-0900<br>boyle@dbmslaw.com<br>kienzle@dbmslaw.com<br><br>By: */s/ Jodi M. Schebel*<br>Jodi M. Schebel (*Admitted Pro Hac Vice*)<br>BOWMAN AND BROOKE LLP<br>41000 Woodward Ave., Suite 200 East<br>Bloomfield Hills, MI 48304<br>Telephone: (312) 422-0900<br>jodi.schebel@bowmanandbrooke.com<br><br>*Co-Counsel for Defendant Ford Motor Company* |

7

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JUSTIN O'CONNOR, et al., on behalf of himself and all other similarly situated, | Case No. 19-cv-5045 |
| Plaintiffs, | Consolidated with Case Nos. 20-cv-1981, 20-cv-2095, 20-cv-2612, and 21-cv-6540 |
| - against - | |
| FORD MOTOR COMPANY, | Magistrate Judge Maria Valdez |
| Defendant. | |

### **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument was served on November 3, 2022, on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Jodi Schebel*
Jodi Schebel