UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN O'CONNOR, STANISLAW ZIELINSKI, DANIEL FAIR, BRYAN SMITH, JASON STEEN, WILLIAM FIEDLER, MICHAEL BARCELONA, ROBERT MARINO, BRIAN DOUGHERTY, SUSAN HELLER, VICTOR ORNDORFF, and MICHAEL MCDONALD on behalf of themselves and all others similarly situated,<br><br>         Plaintiff,<br>   v.<br><br>FORD MOTOR COMPANY,<br><br>         Defendant. | Case No. 1:19-cv-05045<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>**<u>Consolidated with Case Nos. 20-cv-1981, 20-cv-2095, 20-cv-2612, and 21-cv-6540</u>**<br><br>**<u>Judge Robert M. Dow, Jr.</u>**<br>**<u>Magistrate Judge Maria Valdez</u>** |

i

Table of Contents

I.   INTRODUCTION ........................................................................................................... 1

II.  PROCEDURAL HISTORY ........................................................................................... 1

III. LEGAL STANDARD .................................................................................................... 2

IV.  ARGUMENT ................................................................................................................. 2

   A.  Plaintiffs' Motion is Timely. ..................................................................................... 3

   B.  Plaintiffs' Proposed Amended Complaint Will Not Impose Any Prejudice. ................... 4

   C.  Plaintiffs' Proposed Amendment Is Not Futile, and Is Sought in Good Faith. ............... 6

V.   CONCLUSION .............................................................................................................. 7

Table of Authority

Cases

*Carroll v. City of Oak Forest*,
   No. 19 C 7412, 2021 WL 2894157, at *2 (N.D. Ill. July 9, 2021)................................................4

*Chapman v. Wagener Equities*,
   No. 09 C 07299, 2012 WL 6214597, at *7 (N.D. Ill. Dec. 13, 2012).........................................6

*Gevas v. Mitchell*,
   492 F. App'x 654, 658-59 (7th Cir. 2012) ................................................................................2

*In re Monumental Life Ins. Co.*,
   365 F.3d 408, 414 (5th Cir. 2004)............................................................................................5

*Jackson v. Ret. Plan for the Cont'l Corp.*,
   No. 03 C 9399, 2005 WL 1162969, at *2 (N.D. Ill. Apr. 28, 2005)...........................................4

*Life Plans, Inc. v. Security Life of Denver Ins., Co.*,
   800 F.3d 343, 357 (7th Cir. 2015)............................................................................................2

*Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*,
   786 F.3d 510, 520 (7th Cir. 2015)............................................................................................2

*Schorsch v. Hewlett-Packard Co.*,
   417 F.3d 748, 750 (7th Cir. 2005)............................................................................................6

*Simpson v. Dart*,
   No. 18-cv-0553, 2021 WL 2254969, at *1 (N.D. Ill. June 3, 2021) ..........................................5

*Zeidel v. A&M (2015) LLC*,
   No. 13-cv-6989, 2016 WL 11703615, at *3 (N.D. Ill. Jan. 15, 2016) .......................................6

**Rules**

Fed. R. Civ. P. 15..........................................................................................................................2

Fed. R. Civ. P. 23(a)(4)..................................................................................................................6

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Plaintiffs respectfully file this memorandum in support of their Motion for Leave to Amend the Consolidated Amended Class Action Complaint, Dkt. 63 ("Complaint" or "Consolidated Amended Complaint").

## I. INTRODUCTION

From the start of this case, Plaintiffs have sought to represent individuals affected by rough shifting issues due to defects in Defendant Ford Motor Company's ("Ford") 10-speed transmission, known as the 10R80. When Plaintiffs first filed this case in July 2019, the only vehicles known to be suffering from rough shifting issues were Ford's F-150 pickup trucks. However, growing evidence shows that shifting issues exist among additional Ford models equipped with the 10R80 transmission, including Expeditions, Mustangs, Rangers, and Navigators, as well as F-150s. While Plaintiffs have consistently maintained that these models are within the scope of discovery, Ford has refused to provide discovery outside of Ford F-150 trucks absent an amendment to the Complaint. Because the scope of individuals Plaintiffs seek to represent has extended past the 2017-2020 Ford F-150, and because Ford will not provide discovery on any additional models equipped with the 10R80, Plaintiffs seek leave to amend the Complaint. Specifically, Plaintiffs seek leave to amend the Complaint to redefine the class vehicles as Ford Expeditions, F-150s, Mustangs, Rangers, and Navigators equipped with a 10R80 transmission.

## II. PROCEDURAL HISTORY

On July 26, 2019, Plaintiff Justin O'Connor originally brought this action on behalf of himself and a proposed class. This case was consolidated with three related cases in July 2020. On September 25, 2020, Plaintiffs filed their Consolidated Amended Complaint. Ford filed a Motion

1

to Dismiss the Complaint on November 20, 2020, and the Court issued an order granting in part and denying in part Ford's motion on September 30, 2021.

Since the Court's order, Parties have engaged in discovery overseen by Magistrate Judge Maria Valdez. Parties' initial disclosures were served on December 2, 2021. Plaintiffs served their initial discovery requests on January 13, 2022, and production began on February 17, 2022. Discovery in this case is still ongoing, with fact discovery set to close on January 12, 2023, and expert discovery is set to close on July 13, 2023.

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 15 allows a party to amend its pleading upon leave of the court and requires that the court "freely give leave when justice so requires." Rule 15 favors the liberal amendment of pleadings to ensure the consideration of claims on their merits. *Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015).  "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Security Life of Denver Ins., Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Consequently, "[w]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Gevas v. Mitchell*, 492 F. App'x 654, 658-59 (7th Cir. 2012) (quoting *Bausch v. Stryker Corp.,* 630 F.3d 546, 562 (7th Cir. 2010)).

## IV.    ARGUMENT

As follows, Plaintiffs' Motion is timely, will not impose any prejudice, is not futile and is sought in good faith. *See Life Plans, Inc.,* 800 F.3d at 357.

A. **Plaintiffs' Motion is Timely.**

Plaintiffs are seeking leave to amend as soon as practicable in light of the growing amount of evidence that shows shifting issues are not limited to Ford's F-150 pickup trucks, as well as Ford's continued refusal to provide discovery on models outside the F-150. Plaintiffs have always sought to represent other consumers who suffered the same harsh-shifting concerns as a result of the 10R80 transmission. As the time of the initial Complaint (as well as at consolidation and amendment of the Complaint), Ford F-150 pickup trucks were the only models known to suffer from harsh shifting due to the defective 10R80 transmission. However, growing evidence, e.g. documents produced by Ford, National Highway Traffic Safety Administration ("NHTSA") complaints, and recent Ford TSBs, shows that harsh shifting concerns extend to models with the 10R80 transmission other than Ford's F-150.

Plaintiffs have been clear from the start of this case that the class could extend past 2017-2020 Ford F-150 trucks to additional vehicles with a 10R80 transmission. *See* Complaint at fn. 10 ("Plaintiffs reserve the right to amend or modify their Class and Subclass definitions to include or exclude model years of Vehicles with a 10R80 10-speed automatic transmissions"). Consequently, in coordinating discovery in this case, Plaintiffs consistently stated that they "do not agree to limit the scope of discovery" to just "2017-2020 Ford F-150 pickup trucks." Joint Discovery Plan ("JDP"), Dkt. 136; see *also* Exhibit C (Plaintiffs' First Set of Interrogatories) ("'CLASS VEHICLES' means vehicles manufactured, marketed or distributed by Ford Motor Company with a factory-installed 10R80, 10-speed automatic transmission."). However, throughout discovery, and as recently as December 9, 2022, Ford has stated that it will not provide any discovery, information, or witnesses with respect to vehicles with the 10R80 transmission that also suffered harsh-shifting, apart from 2017-2020 Ford F-150 trucks, unless the Complaint is amended. *See*

3

*e.g.,* Exhibit D (Ford Motor Company's Initial Disclosures); Exhibit E (Ford Motor Company's Answers and Objections to Plaintiffs' First Set of Interrogatories); Exhibit F (Email from Jodi Schebel sent on Dec. 9, 2022 ("Ford will not agree to search for and produce, or prepare a witness to testify regarding, benchmarking of non-putative class vehicles.")).[1]

Currently, one month remains until the close of fact discovery. Plaintiffs have developed evidence in discovery—at least to the extent possible—which confirms that additional vehicles installed with 10R80 transmissions were affected by the same defect(s) as Ford's F-150 trucks. Therefore, to avoid the possibility of any prejudice to the parties by allowing fact discovery to close, and to make clear and explicit the appropriate scope of discovery in this case, Plaintiffs now timely move to amend their complaint. *See Jackson v. Ret. Plan for the Cont'l Corp.*, No. 03 C 9399, 2005 WL 1162969, at *2 (N.D. Ill. Apr. 28, 2005) (Motion for Leave to Amend Complaint was timely where discovery was ongoing and a date for filing dispositive motions had yet to be set).

### B. **Plaintiffs' Proposed Amended Complaint Will Not Impose Any Prejudice.**

When determining if amending the complaint would cause undue prejudice, courts consider (1) the hardship to the moving party if the court denies the motion, (2) reasons for requesting the amendment, and (3) hardship to the nonmoving party if the court grants the motion. *Carroll v. City*

---

[1] In Ford's Initial Disclosures, Ford states: "According to the Consolidated Complaint, the putative "Class Vehicles" containing the alleged defect are 2017-2020 Ford F-150 pickup trucks equipped with a 10R80 transmission. Accordingly, Ford will provide information regarding the named Plaintiffs' pickup trucks, as well as 2017-2020 Ford F-150 pickup trucks equipped with a 10R80 transmission manufactured and sold in the United States." Likewise, in Ford's responses to all Plaintiffs' discovery requests, Ford states: "The putative class consists of 'all persons in the United States and its territories who formerly or currently own or lease one or more of 2017 to 2020 Model Year Ford F-150 trucks with a 10R80 10-speed automatic transmission.' (Consolidated Compl. ¶ 205.) … Accordingly, Ford will construe the term "Class Vehicles" to mean only 2017-2020 model year Ford F-150 pickup trucks equipped with a 10R80 transmission."

*of Oak Forest*, No. 19 C 7412, 2021 WL 2894157, at *2 (N.D. Ill. July 9, 2021) (citing *Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, No. 1:18-cv-00212-TLS-SLC, 2020 WL 503036, at *2 (N.D. Ind. Jan. 31, 2020)).

Plaintiffs would be highly prejudiced if the Court were to deny their motion as affected individuals would be left out of the putative class, or a separate case would need to be filed to include these individuals. This would be inefficient for all parties involved as it would begin again the entire litigation process, likely resulting in duplicative discovery and re-litigation of issues already settled in the present case.

Plaintiffs are requesting amendment to clarify the scope of the proposed class. Ford has repeatedly stated that it will not provide discovery on vehicles outside of 2017-2020 Ford F-150 pickup trucks. This is despite Plaintiffs' continued position—based, at least in part, on Ford's own internal documents and Technical Service Bulletins—that they do not view the class vehicles to be so limited. Because evidence shows that individuals affected by rough shifting due to the 10R80 transmission extend past owners of 2017-2020 Ford F-150 pickup trucks, and because Ford will not provide discovery on the full group of vehicles unless Plaintiffs redefine the scope of the class definition, Plaintiffs are seeking leave to amend their Complaint.

Ford will likely claim that this amendment is unduly prejudicial. However, Plaintiffs are not seeking to add additional claims or parties; Plaintiffs are not attempting to add additional theories to their case, or in any way alter their theory that the defective 10R80 transmission has resulted in shifting issues. Plaintiffs are only seeking to modify the class definition to include the full class of individuals affected by harsh shifting due to the 10R80 transmission. Refining a class definition is a regular occurrence during a lawsuit. *Simpson v. Dart*, No. 18-cv-0553, 2021 WL 2254969, at *1 (N.D. Ill. June 3, 2021); *see also In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004)

("holding plaintiffs to the plain language of their definition would ignore the ongoing refinement and give-and-take inherent in class action litigation, particularly in the formation of a workable class definition."); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) ("Litigants and judges regularly modify class definitions"). Furthermore, while additional discovery will be needed on these models, any burden Ford claims as a result is negligent when compared to the burden faced by all parties were the Court to deny Plaintiffs' motion. *See Chapman v. Wagener Equities*, No. 09 C 07299, 2012 WL 6214597, at *7 (N.D. Ill. Dec. 13, 2012) ("Granting the plaintiff's motion to amend will not unduly delay this litigation or prejudice the defendants, particularly when, denying the motion will result in even greater burdens and expense for both parties.").

### C. Plaintiffs' Proposed Amendment Is Not Futile, and Is Sought in Good Faith.

This Court has already concluded that the amendments Plaintiffs seek would not be futile, because it carefully reviewed all of Ford's arguments in opposition and approved precisely those claims which remain in the Proposed Amended Complaint.[2] *See* Memorandum Opinion and Order, Dkt. 76; *see also Zeidel v. A&M (2015) LLC*, No. 13-cv-6989, 2016 WL 11703615, at *3 (N.D. Ill. Jan. 15, 2016) ("[D]enials based on futility grounds are proper when the proposed pleading would not survive a motion to dismiss"). Plaintiffs' proposed amendment does not add any claims which the Court has not expressly approved, and so their validity cannot reasonably be disputed here.

Nor can there be any suggestion that Plaintiffs' intentions in bringing this Motion are improper. Plaintiffs seek to fairly and adequately protect the interests of all consumers who have suffered

---

[2] The Proposed Amended Complaint excises those claims which the Court's prior order rejected. *See* Exhibit A (Second Consolidated Amended Class Action Complaint); *see also, e.g.,* Exh.B (Second Consolidated Amended Class Action Complaint redline), pp. 72-75, 78-81, 125-127.

damages resulting from the same 10R80 transmission defect, as is their role as representatives. *See* Fed. R. Civ. P. 23(a)(4).

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court grant the Motion for Leave to Amend the Consolidated Amended Class Action Complaint. Plaintiffs are prepared to file the Second Consolidated Amended Class Action Complaint, attached as Exhibit A, as soon as leave is given.

DATED: December 13, 2022                Respectfully submitted,


                                        /s/ *Mark R. Miller*
                                        Mark R. Miller
                                        Edward A. Wallace
                                        **WALLACE MILLER**
                                        150 N. Wacker Drive, Suite 1100
                                        Chicago, IL 60606
                                        T: (312) 261-6193
                                        F: (312) 275-8174
                                        mrm@wallacemiller.com
                                        eaw@wallacemiller.com


                                        Mitchell Breit
                                        **MILBERG COLEMAN BRYSON
                                        PHILLIPS GROSSMAN, PLLC**
                                        405 East 50th Street
                                        New York, NY 10022
                                        T: 347.668.8445
                                        mbreit@milberg.com

                                        Gregory F. Coleman
                                        Ryan P. McMillan*
                                        Leland Belew
                                        **MILBERG COLEMAN BRYSON
                                        PHILLIPS GROSSMAN, PLLC**
                                        800 S. Gay Street, Suite 1100
                                        Knoxville, TN 37929
                                        T: (865) 247-0080

F: (865) 522-0049
gcoleman@milberg.com
rmcmillan@milberg.com
lbelew@milberg.com

John R. Fabry*
**THE CARLSON LAW FIRM, P.C.**
1717 N. Interstate Highway 35
Suite 305
Round Rock, Texas 78664
T: (512) 671-7277
F: (512) 238-0275
JFabry@carlsonattorneys.com

Sidney F. Robert*
**BRENT COON AND ASSOCIATES**
300 Fannin, Suite 200
Houston, Texas 77002
T: 713-225-1682
F: 713-225-1785
sidney.robert@bcoonlaw.com

*ATTORNEYS FOR PLAINTIFFS*

* admitted *pro hac vice*