UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN O'CONNOR, STANISLAW ZIELINSKI, DANIEL FAIR, BRYAN SMITH, JASON STEEN, WILLIAM FIEDLER, MICHAEL BARCELONA, ROBERT MARINO, BRIAN DOUGHERTY, SUSAN HELLER, VICTOR ORNDORFF, and MICHAEL MCDONALD on behalf of themselves and all others similarly situated,<br><br>            Plaintiff,<br>  v.<br><br>FORD MOTOR COMPANY,<br><br>            Defendant. | Case No. 1:19-cv-05045<br><br>**PLAINTIFFS' MOTION TO ENFORCE THE COURT'S OCTOBER 21, 2022 ORDER**<br><br>**Consolidated with Case Nos. 20-cv-1981, 20-cv-2095, 20-cv-2612, and 21-cv-6540**<br><br>**Judge Robert M. Dow, Jr.**<br>**Magistrate Judge Maria Valdez** |

**Table of Contents**

STATEMENT OF PARTIES' MEET AND CONFER EFFORTS ................................................ 1

DISPUTES AT ISSUE ................................................................................................................. 1

    1. Ford's Supplemental Response to RFP Nos. 13, 49, and 50 is Not Sufficient to Determine Manufacturing, Fixed, and Variable Costs. ........................................................................... 1

    2. Ford Has Not Fulsomely Described Ford's Processes for Price Setting in Compliance with the Court's Order Regarding RFP No. 48. ............................................................................. 3

    3. Ford's Limitation to 2017- 2020 F-150s is Improper. ........................................................... 4

CONCLUSION .............................................................................................................................. 6

**Table of Authority**

**Cases**

*Am. Res. Corp. v. Holland*, No. 86 C 833,
 Adversary No. 82 A 4214, 1991 WL 172011 (N.D. Ill. Aug. 30, 1991) ..................................... 3

*Faniola v. Mazda Motor Corp.*,
 No. CIV-02-1011 JB/RLP, 2003 WL 27384736 (D.N.M. Dec. 24, 2003) ................................. 5

*Frey v. Chrysler Corp.*,
 41 F.R.D. 174 (W.D. Pa. 1966) .................................................................................................. 5

*Malautea v. Suzuki Motor Corp.*,
 148 F.R.D. 362 (S.D. Ga. 1991) ................................................................................................. 5

*Schaap v. Exec. Indus., Inc.*,
 130 F.R.D. 384 (N.D. Ill. 1990) ................................................................................................. 4

*Senior Lifestyle Corp. v. Key Benefit Administrators, Inc.*,
 No. 117CV02457JMSMJD, 2019 WL 3281637 (S.D. Ind. June 28, 2019) ............................... 2

*Uitts v. Gen. Motors Corp.*,
 58 F.R.D. 450 (E.D. Pa. 1972) ................................................................................................... 5

**PLAINTIFFS' MOTION TO ENFORCE THE COURT'S OCTOBER 21, 2022 ORDER**

Plaintiffs move this Court to enforce its Order dated October 21, 2022, granting in part Plaintiffs' Motion to Compel Discovery (Dkt. 163) ("Order"), and compel Ford Motor Company ("Ford") to comply with the Court's Order to produce complete responses to Request for Production ("RFP") nos. 13, 22, 40, 48, 49, and 50.

Attached to this motion as Exhibit A are the discovery requests and responses at issue.

**STATEMENT OF PARTIES' MEET AND CONFER EFFORTS**

Pursuant to Local Rule 37.2, Plaintiffs state that after sending a letter setting forth their positions and consultation by telephone in good faith attempts to resolve differences, they are unable to reach an accord on a number of issues. Specifically, Plaintiffs recite as follows:

On October 21, 2022, the Court ordered Ford to provide responses to Plaintiffs' RFP nos. 13, 22, 40, 48, 49, and 50, by November 18, 2022. Ford's supplemental responses to the requests for production in question are deficient. Consequently, Plaintiffs sent a letter to Ford on December 30, 2022, outlining their concerns and requesting a meet and confer. On January 6, 2023, Ford responded in writing. That same day the Parties spoke but were unable to resolve the issues.[1] Accordingly, Plaintiffs now require Court intervention.

**DISPUTES AT ISSUE**

1. ***Ford's Supplemental Response to RFP Nos. 13, 49, and 50 is Not Sufficient to Determine Manufacturing, Fixed, and Variable Costs.***

Ford was "ordered to produce documents sufficient to determine manufacturing costs, fixed costs, and variable costs" in response to Plaintiffs' amended RFP nos. 13, 49, and 50. Order

---

[1] In attendance at this call were John Fabry, Leland Belew, and Morgan Ferrell for Plaintiffs, and Jodi Schebel, Stephen Thomasch, and Cindy Kelly for Ford.

1

at 7. In response to the Court's order, Ford has produced two documents: the P552 MCA dated Jan. 19, 2016 (Exhibit B (Ford_O'Connor_000073578)) and the 2017 MY 10R Transmission Until PSC dated April 24, 2013 (Exhibit C (Ford_O'Connor_000073659)). *See* Exhibit A. These documents contain ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, but not sufficient concrete information to determine manufacturing, fixed, or variable costs of the 10R80 transmissions, or of the vehicles in which they are installed. In short, the documents produced by Ford do not satisfy Ford's Court-ordered discovery obligations.

Further, even if the relevant costs could be determined from these two documents, they are only from the years 2013 and 2016. The 10R80 transmission was first installed in F-150 pickup trucks for model year 2017, and continue to date. If nothing else, it is untenable to contend that Ford's variable costs, which by definition change over time, have remained the same since 2016. But the documents that Ford has produced do not provide a model year or any other form of breakdown, and necessarily cannot relate to any costs after 2016. Accordingly, Ford's current production does not comply with the Court's Order. *Senior Lifestyle Corp. v. Key Benefit Administrators, Inc.,* No. 117CV02457JMSMJD, 2019 WL 3281637, at *6 (S.D. Ind. June 28, 2019), *report and recommendation adopted,* No. 117CV02457JMSMJD, 2019 WL 3253780 (S.D. Ind. July 19, 2019) (Ordering sanctions when a party failed to comply with a discovery order by only initially producing eight financial documents).

> *Relief Requested:* That Ford be compelled to comply with the Court's Order and produce documents sufficient to determine manufacturing, fixed, and variable costs for the 10R80 10-speed transmission, and the vehicles in which it is installed, from the time that the 10R80 was first installed in vehicles sold to consumers until present.

## 2. *Ford Has Not Fulsomely Described Ford's Processes for Price Setting in Compliance with the Court's Order Regarding RFP No. 48.*

The Court ordered Ford to "fulsomely describe[] Ford's processes for price setting and/or lowering prices for the subject vehicles in relation to competitor vehicles and competitor actions." Order at 8. In response, Ford stated that Ford considers, as one of many factors, competitor pricing when price setting its vehicles. *See* Exhibit A. The request of course presumes that Ford, like all manufacturers, considers competitor pricing. Ford's response, however, provides no new information and is far from "fulsome." Specifically, it says nothing about what specific factors Ford considers or the importance Ford places on competitor actions in relation to those factors. Ford's response provides no substantive information on how Ford determines pricing or why Ford chooses to price its vehicles as it does. It also fails to provide information on how rough shifting concerns, and poor performance generally compared to competitor vehicles, affects Ford's price setting decisions.

Further, what little description Ford provides is ambiguous. For example, Ford states that it conducts "periodic reassessment" of price adjustments, yet fails to give any information on how often these reassessments occur. *Id.* During the Parties' meet and confer discussions, Ford has responded that "[t]here is no formula … Price setting is a fluid process …there is no set timing to the process, other than that the price is set for each new model year." (Ironically, even these acknowledgments provide more information than was included in Ford's supplemental response.)

Ford was ordered to provide a "fulsome" response to RFP no. 48, but instead it has offered only generalizations and incomplete information. Indeed, during the meet and confer process Ford has even acknowledged that its response is incomplete, by inviting Plaintiffs to identify information that "should have been included but was not." Exhibit F at 2. But Plaintiffs cannot be expected or required to explain to Ford what a "fulsome" response is, or identify what factors Ford

3

considers when making pricing decisions, how they are considered, or when, or by whom, or with what impact; Ford cannot shirk its discovery obligations, requiring the Court's intervention, and then continue to insist that Plaintiffs police Ford's further responses. *See Am. Res. Corp. v. Holland*, No. 86 C 833, Adversary No. 82 A 4214, 1991 WL 172011, at *3 (N.D. Ill. Aug. 30, 1991) ("A party has a duty to cooperate with discovery and violates that duty by providing evasive and incomplete answers to interrogatories. Inadequate answers which are a violation of a court order are grounds for sanctions").

> *Relief Requested:* That Ford be compelled to comply with the Court's Order and provide a narrative response *fulsomely* describing Ford's process for price setting and/or lowering prices for the subject vehicles in relation to competitor vehicles and competitor actions.

### 3. Ford's Limitation to 2017- 2020 F-150s is Improper.

Ford has consistently limited its discovery responses to 2017-2020 F-150s, despite Plaintiffs always framing their discovery requests to include all "vehicles manufactured, marketed or distributed by Ford Motor Company with factory-installed 10R80, 10-speed automatic transmissions." *See* Exhibit D (Plaintiffs' First Set of Interrogatories).

Ford restricted its response to RFP no. 40, for example, to 2017-2020 F-150s (*see* Exhibit A), even though neither Plaintiffs' request nor the Court's Order included this limitation. *See* Order at 9. Rather, Ford was "ordered to determine whether any conjoint analyses exist and to produce any such conjoint analyses" by November 18, 2022. *Id.* Similarly, Ford's production regarding RFP nos. 13, 49, and 50 (re manufacturing costs) appears to be limited to F-150s, and its narrative response with respect to RFP no. 48 also appears to be improperly limited. *See* Exhibit A. While it appeared, in contrast, that Ford's production regarding RFP no. 22 was not restricted to only 2017-2020 F-150s as other models are identified (*see e.g.,* Exhibit E

4

(Ford_O'Connor_000073473)), Ford confirmed that it is withholding documents in response to RFP no. 22 on the basis that they are outside the scope of 2017-2020 F-150s. *See* Exhibit F.

Plaintiffs never agreed to permanently limit discovery in such a manner and, in fact, have always reserved the right to seek discovery beyond Ford's 2017-2020 F-150 limitation. *See* Joint Discovery Plan (Dkt. 136), at ¶2 (Plaintiffs "do not agree to limit the scope of discovery" to just "2017-2020 Ford F-150 pickup trucks."); *see also* Consolidated Amended Class Action Complaint (Dkt. 63), at fn. 10 ("Plaintiffs reserve the right to amend or modify their Class and Subclass definitions").

Discovery into other models that include the defective product at issue—in this case the 10R80 transmission—is appropriate. *Schaap v. Exec. Indus., Inc.,* 130 F.R.D. 384, 387 (N.D. Ill. 1990) ("[I]nformation concerning similar models that have the same component parts or structural defects, and the circumstances surrounding the marketing and sale of those models, may shed some light on the issues involved in this case"); *Uitts v. Gen. Motors Corp.*, 58 F.R.D. 450 (E.D. Pa. 1972) (discovery allowed regarding different models of vehicle, but with identical parts); *Frey v. Chrysler Corp.*, 41 F.R.D. 174, 176 (W.D. Pa. 1966) (discovery would be proper regarding complaints "from owners of 1965 Chrysler Imperials [the subject vehicle] or from owners of Chrysler automobiles using the same throttle-linkage assembly"); *Faniola v. Mazda Motor Corp.*, No. CIV-02-1011 JB/RLP, 2003 WL 27384736, at *3 (D.N.M. Dec. 24, 2003) ("Information regarding other models of a product is generally discoverable as long as the same defect or component is involved"); *Malautea v. Suzuki Motor Corp.,* 148 F.R.D. 362 (S.D. Ga. 1991) (imposing severe sanctions on Suzuki Motor Co., Ltd. for failing to comply with court's order compelling the information about other models and General Motors and its similar model the GEO Tracker).

Consequently, Ford's limitation of discovery solely to 2017-2020 F-150s is inappropriate, especially given Plaintiffs' recently filed Motion for Leave to Amend the Complaint (Dkt.183), which seeks to clarify and redefine the class vehicles as Ford Expeditions, F-150s, Mustangs, Rangers, and Navigators all equipped with a 10R80 transmission.

*Relief Requested:* That Ford be compelled to complete its productions in response to the Court's orders on RFP nos. 13, 22, 40, 48, 49, and 50.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Motion to Enforce be granted against Defendant Ford Motor Company.

DATED: January 10, 2023

Respectfully submitted,

/s/ *Leland H. Belew*
Leland Belew
Gregory F. Coleman
Ryan P. McMillan*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049
lbelew@milberg.com
gcoleman@milberg.com
rmcmillan@milberg.com

Mitchell Breit
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
T: 347.668.8445
mbreit@milberg.com

John R. Fabry*
**THE CARLSON LAW FIRM, P.C.**

1717 N. Interstate Highway 35
Suite 305
Round Rock, Texas 78664
T: (512) 671-7277
F: (512) 238-0275
JFabry@carlsonattorneys.com

Sidney F. Robert*
**BRENT COON AND ASSOCIATES**
300 Fannin, Suite 200
Houston, Texas 77002
T: 713-225-1682
F: 713-225-1785
sidney.robert@bcoonlaw.com

Edward A. Wallace
Mark R. Miller
**WALLACE MILLER**
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
T: (312) 261-6193
F: (312) 275-8174
eaw@wallacemiller.com
mrm@wallacemiller.com

*ATTORNEYS FOR PLAINTIFF*

* admitted *pro hac vice*

7