# EXHIBIT F



**Bowman and Brooke** LLP
Attorneys at Law

41000 Woodward Avenue, Suite 200 East
Bloomfield Hills, MI 48304
Phone: 248.205.3300
Fax: 248.205.3399

Jodi M. Schebel
Direct: 1.248.205.3352
Email: jodi.schebel@bowmanandbrooke.com

January 06, 2023

VIA EMAIL

Leland H. Belew
Milberg Coleman Bryson Phillips Grossman
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
rmcmillan@milberg.com

Re: O'Connor v. Ford Motor Company, No. 1:19-cv-05045 (N.D. Ill.)

Dear Leland:

This letter is sent in response to your December 30, 2022 letter, and in advance of our meet and confer call.

As your letter recognizes, Ford has "consistently" objected to discovery concerning non-Class Vehicles. Indeed, Ford has included that objection in response to every discovery demand issued by Plaintiffs in this action (*i.e.*, all five sets of requests for production, two sets of interrogatories, and three sets of 30(b)(6) notices). That restriction is entirely proper and appropriate under Federal Rule of Civil Procedure 26.

In accordance with that position, Ford properly limited its discovery responses and its production in compliance with the Court's October 21, 2022 order (ECF 163) (the "Order") to 2017-2020 Ford F-150 pickup trucks. Despite Plaintiffs' knowledge of that restriction for, at minimum, seven months prior to filing the motion, Plaintiffs did not raise any objection to Ford's limitation on its discovery responses as to vehicle scope, and addressed only the substantive information sought from Ford. Moreover, none of the parties' meet and confer discussions leading up to Plaintiffs' filing their first motion to compel included any discussion of discovery regarding vehicles other than 2017-2020 Ford F-150 pickup trucks. It strains credulity for Plaintiffs to attempt to rewrite this history and assert that they actually moved to compel discovery on other vehicles equipped with a 10R80 transmission, or that the Court's order intended to compel Ford to produce documents regarding other vehicles, despite no mention of it in the parties' meet and confer correspondence, Plaintiffs' motion itself, or the Order.

Plaintiffs were free to frame their motion anyway they saw fit, and nothing in it gave Ford (or the Court) notice that Plaintiffs objected to the scope of Ford's production, which was properly

Leland H. Belew
January 6, 2023
Page 2

focused on the putative Class Vehicles as defined in Plaintiffs' Consolidated Complaint. Accordingly, Ford did not "withhold" documents related to other vehicles equipped with a 10R80 transmission. Rather, Ford's production in compliance with the Order, including Request No. 22, was properly and appropriately focused on 2017-2020 Ford F-150 pickup trucks. That Plaintiffs have now filed a motion for leave to amend their complaint to add claims concerning other vehicles is immaterial and cannot (and does not) give Plaintiffs leeway for a "do-over" on the scope of their first motion to compel. While additional discovery may be permitted if the Court allows your belated request to file your fourth complaint in this action, Plaintiffs simply are not entitled to that discovery through the Order. Indeed, your attempt to tee-up a motion for sanctions for some contrived failure by Ford to comply with the Order is baseless and amounts to nothing more than gamesmanship.

Further, Ford's production of documents in response to Request for Production Nos. 13, 49 and 50 was proper and appropriate and is complete. The documents produced (FORD_O'CONNOR_000073578 and FORD_O'CONNOR_000073631) are sufficient to show the manufacturing costs of the 10R80 transmission and the fixed and variable costs of Ford F-150 pickup trucks in compliance with the Order. Contrary to your assertions, these documents contain contribution margins, income statements and margin walk, which meet the Order for the relevant time period.

Finally, Ford's narrative response regarding prices setting was proper and appropriate and fulsomely described Ford's price setting process, including in relation to customer vehicles and competitor actions. There is no formula for Ford to provide regarding price setting, including as to the importance of competitor pricing. Price setting is a fluid process that might put emphasis on one factor at one time and another factor at a different time, depending on applicable variables. Ford identified the factors that are considered, and identified that assessments are made periodically. Again, there is no set timing to the process, other than that the price is set for each new model year. Contrary to your claim, and ignoring the fallacy of the statement itself, the Order says nothing about "how rough shifting concerns, and poor performance generally compared to competitor vehicles, affects Ford's price setting decisions." If there is some specific information you believe should have been included but was not, we are willing to consider your request. We ask that you describe the information sought with specificity so we can meet and confer further regarding such information.

Very Truly Yours,

Jodi Munn Schebel