# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUSTIN O'CONNOR, et al., on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>FORD MOTOR COMPANY,<br><br>      Defendant. | Case No. 1:19-cv-5045 |

### FORD MOTOR COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Ford Motor Company ("Ford") responds and objects to Plaintiffs' Second Set of Requests for Production of Documents as follows:

### PRELIMINARY STATEMENT

These Responses are made solely for the purpose of this action. Ford has not yet completed its investigation of the facts related to this litigation and discovery is continuing. Accordingly, the following Responses are based upon, and therefore necessarily limited by, the records and information still in existence, presently collected, and thus far discovered in the course of preparing these Responses. Ford reserves the right to produce at trial and make reference to any evidence, facts, documents, or information not yet discovered, or the relevance of which has not yet been identified, by Ford or its counsel.

Further, although Ford is identifying materials that it will produce, Ford does not waive its objection that such documents are outside the proper scope of discovery. Ford does not stipulate

or otherwise admit that documents and other materials it produces are authentic, relevant, or admissible. Ford expressly reserves all objections to admission of these materials provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable rules of evidence and procedure.

In addition, in several responses below, Ford identified specific information which it would search for and produce, and otherwise objected. Ford does not agree to search for information beyond what was identified in Ford's responses and objections for the reasons set forth therein.

## MANNER, TIMING AND COST OF PRODUCTION

Ford will produce documents in the manner and format as agreed in the parties Joint Status Report (ECF 86), filed October 21, 2021, and as set forth in Ford's proposed version of the parties' Joint Discovery Plan, which has been provided to and is under consideration by Plaintiffs.

Additionally, the production of information and documents containing trade secrets or other confidential research, development, or proprietary commercial information will be produced subject to a Protective Order, to which the parties have agreed in principle.

## SPECIFIC OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

Ford objects to Plaintiffs' Definitions and Instructions as follows:

Ford objects to Plaintiffs' Instruction No. 1, which is inconsistent with the parties' agreement contained in the Joint Status Report (ECF 86), filed October 21, 2021.

Ford objects to Plaintiffs' Instruction No. 4 because it exceeds the requirements of Fed. R. Civ. P. 26 and 34, as this instruction provides not only that Ford should identify documents that no longer exist, but that Ford should also disclose the circumstances surrounding the disposition of each such document. This instruction seeks to impose a disproportionate and undue burden on Ford as any attempt to comply with this instruction would require Ford to engage in a highly time

consuming and expensive investigation that would likely yield little to no result, is not feasible, and is not required under Rule 26. The Federal Rules of Civil Procedure do not require the disclosure of information regarding documents that no longer exist. Ford will not search for information responsive to these Requests regarding documents destroyed in the ordinary course of business.

Ford objects to the definition of "Class Vehicles" as overly broad, unduly burdensome and seeking irrelevant information because Plaintiffs' definition includes all vehicles equipped with a 10R80 transmission, and is not limited to the vehicles at issue in the Consolidated Amended Class Action Complaint (ECF 63) (the "Consolidated Complaint"). The putative class consists of "all persons in the United States and its territories who formerly or currently own or lease one or more of 2017 to 2020 Model Year Ford F-150 trucks with a 10R80 10-speed automatic transmission." (Consolidated Compl. ¶ 205.) This understanding was confirmed by Plaintiffs' counsel during the parties' January 26, 2022 meet and confer. Accordingly, Ford will construe the term "Class Vehicles" to mean only 2017-2020 model year Ford F-150 pickup trucks equipped with a 10R80 transmission.

Ford objects to the definition of "DOCUMENTS" because it seeks to require Ford to produce all "electronic or electronically stored information or DOCUMENTS . . . in NATIVE FILE FORMAT" and because this instruction is inconsistent with the parties' agreement contained in the Joint Status Report (ECF 86), filed October 21, 2021. Ford also objects to the term NATIVE FILE FORMAT for the same reason. The parties did not agree that "data should be produced on a CD-ROM." The parties did not agree that "[d]ata files should not be zipped, encrypted or otherwise restricted or proprietarily protected for specific use," and such requirements are illogical and improper as Ford is permitted to protect its documents and information from improper use and

dissemination.

Ford objects to the definition of the term "RELEVANT PERIOD" because it is inconsistent with the parties' agreement contained in the Joint Status Report (ECF 86), filed October 21, 2021, which states that "Ford shall not be required to search for and collect ESI . . . for data that was created more than six years before the filing of Plaintiffs' initial Complaint."

Ford objects to the definitions of "DEFENDANT," "FORD," "YOU," and/or "YOUR" because they are overly broad, unduly burdensome, seek information not relevant to the claims and defenses in this lawsuit, and would require Ford to provide information that is not within its possession, custody, or control.  Plaintiffs' definition includes entities that are not parties to this lawsuit, including Ford's subsidiaries, affiliates, and related entities in these definitions. These definitions also do not identify a particular entity, predecessor, parent, subsidiary, affiliate, employee, agent, or other person with any particularity, and is not limited by subject matter or connection to the allegations in this case.  Further, a number of these entities are separate legal entities, which are not parties to this case, and Ford cannot respond on their behalf.  In addition, this definition is broad enough to purport to seek information from any person acting or purporting to act on Ford's behalf, and accordingly, improperly seeks information that is or may be protected by the attorney-client privilege and the work product doctrine.  Ford will construe the terms "Defendant," "Ford," "You," and/or "Your," to refer to Ford Motor Company and its employees in the United States.

Ford objects to the definition of "PLAINTIFFS" because it is overly broad and seeks information not relevant to the claims and defenses in this lawsuit.  Plaintiffs' definition includes Justin O'Connor, who is no longer a party to this action following the Court's dismissal of all claims asserted by O'Connor in its October 19, 2021 Memorandum Opinion and Order (ECF 83).

## OTHER SPECIFIC OBJECTIONS

Many of Plaintiffs' Requests seek "all" or "any" documents or information within, or documents related to, a certain category. Ford objects to these Requests because they are overly broad, unduly burdensome and seek irrelevant documents and information, as there are numerous documents and information that could refer or relate to the categories in these Requests, and Plaintiffs have failed to otherwise limit, or describe the information sought or reasonably particularize the categories of information sought. *See Heckler & Koch, Inc. v. German Sport Guns GMBH*, 2013 WL 5915196, *2 (S.D. Ind. Nov. 1, 2013) ("Language such as 'any and all' or 'including but not limited to' raise a red flag that the request is too broad"); *CTF Illinois v. Wesco Ins. Co.*, 2019 WL 9832190, at *5 (C.D. Ill. Nov. 1, 2019) (request for any documents "related to" a prior estimate places an undue burden on the responding party).

## RESPONSES AND OBJECTIONS TO
## SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 61:**

Produce ALL FORD DOCUMENTS and communications sent to or from the field service engineers identified in response to Interrogatory no. 22,[1] related to 10R80 transmissions.

**RESPONSE:** Ford objects to this Request as overly broad, unduly burdensome, and seeking irrelevant information because it is not limited to a reasonable timeframe, to the claims in this case, to any particular vehicle, to any particular Plaintiff, or any particular Field Service Engineer, to any particular document or communication. Further, this Request fails to describe the documents being sought with reasonable particularity because it seeks the production of all documents and communications. For such reasons, the information sought is not proportional to the needs of the

---

[1] **INTERROGATORY NO. 22:** Identify (by name, complete street address, contact name, and telephone number) ALL PERSONS employed by Ford as field service engineers for the geographical areas covering each of the named Plaintiffs.

case. Ford also objects to this Request because it implicates Interrogatory No. 22, which is itself vague and ambiguous because the phrase "geographical areas covering each of the named Plaintiffs" lacks reasonable specificity, and therefore this Request similarly lacks reasonable specificity. Ford further objects to this Request as unduly burdensome because the identification of Field Service Engineers would have changed over the course of several years, as individuals and employees change positions, retire or otherwise move within the company or outside of Ford, and therefore the identification of every document and communication sent to or by each regarding the 10R80 transmission would make this Request unreasonable and maybe impossible to respond to.

**REQUEST FOR PRODUCTION NO. 62:**

Produce ALL DOCUMENTS and CORRESPONDENCE exchanged by or between the individuals identified in response to Interrogatory no. 23,[2] related to issues of hesitation, rough-shifting, harsh-shifting, gear stalling or slipping, failures to change gears, or failure to engage in reverse, with respect to 10R80 transmissions.

**RESPONSE:** Ford refers Plaintiffs to the custodian documents produced by Ford in this case.

Beyond this, Ford objects to this Request as overly broad, unduly burdensome, and seeking irrelevant information because it is not limited to a reasonable timeframe, or to any particular component or part of the 10R80 transmission allegedly at issue, and because it fails to describe the documents being sought with reasonable particularity as it seeks the production of all documents and correspondence. Ford also objects to this Request as overly broad and unduly burdensome because a response to this Request is dependent upon the recreation of or search for all persons in

---

**INTERROGATORY NO. 23:** Describe in detail the joint development of the 10-speed transmission between Ford and General Motors ("GM"), including the division of responsibilities and/or resources committed, and the identity of individuals involved in the development (both from Ford and GM).

response to Interrogatory No. 23, which necessarily would have changed over the course of several years, as individuals, committees, departments and employees change positions, retire or otherwise move within the company or outside of Ford, and would make this Request (and Interrogatory No. 23) unreasonable and maybe impossible to respond to. Further, this Request (as well as Interrogatory No. 23) is not limited to a reasonable or proportional number of individuals or even those with key knowledge related to this case or Ford's defenses and seeks the identification of individuals who do not have personal knowledge or may only have a passing knowledge related to the issues in this case. In addition, given the passage of time, and the fact that the design and development of a vehicle, including its component parts, takes place over a number of years, it would be difficult, if not impossible to identify all individuals, suppliers, sub-suppliers, and groups implicated by this Request and Interrogatory No. 23. Ford further objects to this Request because it seeks information regarding General Motors, which is not in Ford's possession, custody or control. In addition, Ford objects to this Request because it seeks information protected by the attorney-client privilege and/or work product doctrine, as it could encompass communications that reflect the legal advice, mental impressions, and legal strategies prepared for anticipated or pending litigation by Ford's attorneys, Ford's Office of the General Counsel, or those working under their direction and supervision.

**REQUEST FOR PRODUCTION NO. 63:**

Produce DOCUMENTS sufficient to identify the terms of the relationship between Ford and General Motors governing development of a 10-speed transmission.

**RESPONSE:** Ford objects to this Request as overly broad, unduly burdensome, and seeking irrelevant documents because the terms of any "relationship between Ford and General Motors governing development of a 10-speed transmission" is unrelated to Plaintiffs' claims in this case

as the 10R80 transmission was designed and developed by Ford Motor Company, not General Motors. Ford also objects to this Request because it seeks highly confidential information that is proprietary to Ford. Ford has a legitimate interest in keeping this information confidential because it provides Ford with a competitive advantage in the automotive marketplace over others without such information. For such reasons, the information sought in this Request is not proportional to the needs of the case.

**REQUEST FOR PRODUCTION NO. 64:**

Produce ALL CORRESPONDENCE between Ford and General Motors regarding development of a 10-speed transmission.

**RESPONSE:** Ford objects to this Request as overly broad, unduly burdensome, and seeking irrelevant information because it is not limited to a reasonable timeframe, to any particular component or part of the 10R80 transmission allegedly at issue, or to Plaintiffs' claims in this case, and because it fails to describe the documents being sought with reasonable particularity in that it seeks the production of all correspondence. For such reasons, the information sought in this Request is not proportional to the needs of the case. Ford also objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case because it is limited to a reasonable or proportional number of individuals or even those with key knowledge related to this case or Ford's defenses and seeks communications between individuals who do not have personal knowledge or may only have a passing knowledge related to the issues in this case. In addition, given the passage of time, and the fact that the design and development of a vehicle, including its component parts, takes place over a number of years, it would be difficult, if not impossible to identify all individuals implicated by this Request.

Dated: October 12, 2022

| KASOWITZ BENSON TORRES LLP | DONOHUE BROWN MATHEWSON & SMYTH LLC |
|---|---|
| Hector Torres (*Admitted Pro Hac Vice*)<br>Cindy Caranella Kelly (*Admitted Pro Hac Vice*)<br>Stephen P. Thomasch (*Admitted Pro Hac Vice*)<br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 506-1700<br>htorres@kasowitz.com<br>ckelly@kasowitz.com<br>sthomasch@kasowitz.com<br><br>*Attorneys for Defendant Ford Motor Company* | Mark H. Boyle<br>Mason W. Kienzle<br>140 South Dearborn Street, Suite 800<br>Chicago, IL 60603<br>Telephone: (312) 422-0900<br>boyle@dbmslaw.com<br>kienzle@dbmslaw.com<br><br>By: */s/ Jodi M. Schebel*<br>Jodi M. Schebel*<br>BOWMAN AND BROOKE LLP<br>41000 Woodward Ave., Suite 200 East<br>Bloomfield Hills, MI 48304<br>Telephone: (312) 422-0900<br>jodi.schebel@bowmanandbrooke.com<br><br>*Co-Counsel for Defendant Ford Motor Company*<br><br>**pro hac vice* to be submitted |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

```
------------------------------------------------------------   x
                                                               :
JUSTIN O'CONNOR, et al., on behalf of himself                  :
and all other similarly situated,                              :    Case No. 19-cv-5045
                                                               :
                Plaintiffs,                                    :    Consolidated with Case
                                                               :    Nos. 20-cv-1981, 20-cv-2095,
       - against -                                             :    20-cv-2612, and 21-cv-6540
                                                               :
FORD MOTOR COMPANY,                                            :    Magistrate Judge Maria Valdez
                Defendant.                                     :
                                                               :
                                                               :
------------------------------------------------------------   x
```

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was served on October 12, 2022, on all counsel of record pursuant to the Federal Rules of Civil Procedure.


                                                       */s/ Jodi Schebel*
                                                       Jodi Schebel