IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Justin O'Connor, et al., on )
behalf of himself and all )
others similarly situated )
)
       Plaintiffs, )
)
)
   v. ) No. 19 C 5045
)
)
Ford Motor Company, )
)
       Defendant. )

Memorandum Opinion & Order

In this consolidated class action, plaintiffs seek damages from Ford Motor Company ("Ford") based on Ford's alleged sale and lease of 2017 to 2020 Model Year Ford F-150 trucks with defective 10R80 10-speed automatic transmissions. Plaintiffs now move for leave to amend their complaint. For the following reasons, the motion is denied.

I.

The Consolidated Amended Complaint ("CAC")--the operative complaint here--was filed on September 25, 2020. Dkt. No. 63. Ford's motion to dismiss the CAC was granted in part and denied in part by Judge Dow on September 30, 2021. Dkt. No. 76. Since shortly after that order, the parties have been engaged in discovery. *See* Dkt. No. 89 (order setting discovery schedule). Fact discovery was

originally scheduled to close on September 14, 2022, but plaintiffs secured an extension of that date to January 12, 2023. *See* Dkt. No. 151. On December 13, 2022, with less than one month until the close of fact discovery, plaintiffs filed the present motion for leave to amend their complaint, attaching a proposed Second Consolidated Amended Complaint ("Proposed SCAC"), Dkt. No. 221-1, to their reply brief.[1] The proposed amendment expands the putative class vehicles to include 2018–2023 Ford Expeditions, Ford Mustangs and Lincoln Navigators; 2019–2023 Ford Rangers; and 2021–2023 Ford F-150s.

## II.

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quotation omitted). Ford argues that leave to amend should be denied on grounds of undue delay, undue prejudice, and futility.

---

[1] Plaintiffs attached a proposed version to their opening brief, but corrected some deficiencies identified by Ford in the version attached to their reply brief. Plaintiffs also attached a redline version showing the changes between the CAC and SCAC. Dkt. No. 221-2.

2

A.

Starting with timeliness, the case has been ongoing for years and plaintiffs filed their motion with less than one month until the close of discovery. Additionally, Ford contends that the information on which plaintiffs premise their requested amendment was known or available to them well before they filed their motion. Plaintiffs maintain that they filed the motion as soon as practicable, in light of growing evidence they obtained over the course of discovery. That evidence includes: (1) National Highway Traffic Safety Administration ("NHTSA") complaints, (2) recent Technical Service Bulletins ("TSBs") issued by Ford, and (3) documents produced by Ford.

Ford observes that the NHTSA complaints and TSBs were available to plaintiffs long before they sought leave to amend. For starters, the NHTSA complaints that plaintiffs reference in the Proposed SCAC are publicly available documents--a fact that plaintiffs do not dispute and that Ford supports by providing an example of one of the complaints on NHTSA's website. *See* Dkt. No. 209-21. Of the thirty new NHTSA complaints referenced in the Proposed SCAC, six are dated November 2022; the rest are dated earlier. *See* Proposed SCAC ¶ 151. Indeed, for two of the models plaintiffs seek to include as class vehicles--the Ford Mustang and Lincoln Navigator--the latest NHTSA complaints they reference in the Proposed SCAC are dated October 27, 2021, and March 21, 2022,

3

respectively. TSBs are similarly publicly available, *see* CAC ¶ 177 nn. 7, 8 (plaintiffs cited to NHTSA's website to identify TSBs), and the only new ones plaintiffs cite in the Proposed SCAC were issued on September 27, 2021, and April 21, 2022. Proposed SCAC ¶¶ 147-48. Additionally, one of those TSBs was part of a document production that plaintiffs received on February 17, 2022, Dkt. No. 209-3, and the other one was referenced by plaintiffs in a Rule 30(b)(6) notice on October 12, 2022, Dkt. No. 209-17 at 4. Plaintiffs do not dispute these points.

In addition to NHTSA complaints and TSBs, plaintiffs state that "documents produced by Ford" constituted the remainder of the "growing evidence" necessitating amendment. Mot., Dkt. No. 184 at 6. Ford faults plaintiffs for not discussing any specific documents in their opening brief because that prevents Ford from discussing whether those documents justify the timing of plaintiffs' motion. In their reply brief, plaintiffs cite to six specific documents that, in their view, represent the kinds of documents received during discovery that motivated them to seek amendment. *See* Reply, Dkt. No. 221 at 10 n.2, 10-11 (citing Dkt. Nos. 158-8, 158-10, 205-5, 221-3, 221-4, 221-5).

Ford moves to strike these documents because they were identified for the first time in plaintiffs' reply brief. Plaintiffs respond by arguing that, as an initial matter, they had no obligation to submit evidence as part of their motion. While

4

true that evidence is not required to support the merits of a proposed amendment, *see Nat'l Rifle Ass'n of Am. v. Cuomo*, No. 1:18-CV-566 (TJM/CFH), 2020 WL 13179578, at *7 (N.D.N.Y. June 1, 2020), where there has been a delay, a plaintiff must provide an "explanation as to why amendment did not take place sooner," *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir. 1995) (citations omitted). As explained above, the NHTSA complaints and TSBs alone do not justify a December 2022 motion to amend, and the vague reference to "documents produced by Ford" does not do the job either.

Plaintiffs' attempt to offer this evidence in their reply brief is inappropriate because it prevents Ford from addressing the specifics of that evidence. *Sha-Poppin Gourmet Popcorn LLC v. JPMorgan Chase Bank, N.A.*, 553 F. Supp. 3d 452, 457 n.2 (N.D. Ill. 2021) (citation omitted); *see Berryhill v. Enhanced Recovery Co. LLC*, No. 17 C 8059, 2019 WL 2325999, at *2 (N.D. Ill. May 31, 2019) ("It is 'well-settled' that litigants cannot make new arguments or present new facts in a reply brief." (citing *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989))); *Thompson v. AT&T Servs., Inc.*, No. 17 C 3607, 2018 WL 4567714, at *6 (N.D. Ill. Sept. 24, 2018) (declining to consider evidence submitted for the first time with reply brief). I will therefore grant Ford's motion to strike these materials.

Even were I to consider the documents cited in plaintiffs' reply, it would not help them. Most of these documents were in their hands well before they sought leave to amend, and they accordingly do not justify the delay. Ford asserts, and plaintiffs do not dispute, that five of the six documents were produced by Ford between July 22, 2022, and August 5, 2022. *See* Mot. to Strike, Dkt. No. 223 at 3 n.3. Instead of addressing this delay, plaintiffs rest on the assertion that they moved for leave to amend as soon as practicable and that they needed to look at the totality of discovery to determine whether amendment was appropriate. But if that were sufficient, then litigants could wait until the eve of the close of discovery before seeking amendment, claiming they sought the benefit of additional discovery, even if they had the information they needed earlier. Other than this unsatisfactory explanation, plaintiffs do not offer any reason why despite receiving these documents by August 5, 2022, they did not seek leave to amend until December 13, 2022; nor do plaintiffs give reason to think the sixth document, which was produced on November 18, 2022, tipped the balance toward seeking amendment.

From the start of this litigation, plaintiffs have indicated that they suspected the defect in the 10R80 transmission affected models other than the Ford F-150. *See* CAC ¶ 14 ("To the extent warranted by the developing facts, Plaintiffs will further supplement the list of Class Vehicles to include additional Ford

6

vehicles that have the Transmission Defect."). On August 12, 2022, in their motion to extend discovery deadlines, plaintiffs stated: "Ford's recent productions have indicated that the 10R80 transmission at issue was installed, and caused similar problems, in other Ford-manufactured vehicles that are not currently named in Plaintiffs' proposed classes. Plaintiffs believe it is appropriate to explore this issue further, and consider whether it warrants amendment of their complaint." Dkt. No. 147 at 6. On the one hand, this suggests that plaintiffs were actively pursuing whether to amend and were keeping Ford apprised of the possibility that they would seek leave to do so. On the other hand, plaintiffs have failed to sufficiently explain what prevented them from seeking leave to amend at that time, and what information came to light between then and December 13, 2022, that finally made amendment appropriate--pointing only to a single document produced by Ford on November 18, 2022, and six NHTSA complaints from November 2022. At any rate, plaintiffs did not need to wait until they had amassed supporting evidence of defects in these other vehicles. Complaints in federal court axiomatically need not be based on evidence; only plausible allegations are required.

B.

Undue delay alone, however, is typically not enough to justify denying leave to amend. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011) (citing *Dubicz v. Commonwealth Edison Co.*, 377

7

F.3d 787, 792–93 (7th Cir. 2004)). That is because "[t]he underlying concern is the prejudice to the defendant" caused by the delay, "rather than simple passage of time." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (citations omitted).

Plaintiffs contend that it is common for class definitions to shift, and that is all they seek to do here. But unlike one of the cases they cite in support of this proposition, where the amendment would "restructure the[] proposed class into smaller subclasses," and the fact discovery deadline would not be affected, *Simpson v. Dart*, No. 18-cv-0553, 2021 WL 2254969, at *1–2 (N.D. Ill. June 3, 2021), plaintiffs' proposed amendment would greatly expand the scope of the class and would, as discussed below, require at least a 180-day extension of fact discovery. Plaintiffs' remaining cases on this point are also inapposite. *See In re Monumental Life Ins. Co.*, 365 F.3d 408, 413–14 (5th Cir. 2004) (allowing plaintiffs to narrow class definition at certification stage); *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 750 (7th Cir. 2005) (considering whether a change to scope of class in state court "commenced" a new suit for purposes of removability under the Class Action Fairness Act).

The amendment plaintiffs seek would unduly prejudice Ford because it would require substantial additional discovery, including possible repeat depositions of several witnesses. *See,*

8

*e.g.*, Reply at 8–9. Had plaintiffs amended earlier, this extra discovery could have been folded into the ongoing discovery related to the 2017–2020 Ford F-150s. Now, however, plaintiffs anticipate 180 days of additional fact discovery if the motion is granted.[2] *See* Dkt. No. 186. Courts routinely find that the specter of significant additional discovery supports a finding of undue prejudice to defendants. *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 853 (7th Cir. 2022) ("[P]rejudice is more likely when an amendment comes late in the litigation and will drive the proceedings in a new direction" because "[s]uch an amendment will often require significant discovery on new issues."); *Mulvania v. Sheriff of Rock Island County*, 850 F.3d 849, 855 (7th Cir. 2017) ("[A]llowing the new claim after several years of litigation would have burdened the defendants by requiring them to engage in substantial additional discovery."); *Valdez v. City of Chicago*, No. 20 C 388, 2021 WL 5278541, at *2 (N.D. Ill. Aug. 24, 2021)

---

[2] In an attempt to quell concerns over additional discovery, plaintiffs observe that as of January 27, 2023, there was still fact discovery remaining, including depositions for fact and Rule 30(b)(6) witnesses, in addition to other completed fact discovery that took place after the January 12, 2023, deadline. *See* Reply at 13–14. Assuming no extensions, however, an extra 180 days of discovery into models that so far have not been meaningfully explored in this litigation would impose a significant burden on the parties and the judiciary, even if other aspects of fact discovery are ongoing. Indeed, that some fact discovery has spilled over past the deadline highlights the burdensome nature of discovery and could suggest that the same thing might happen after a 180-day extension.

("The discovery deadline has already been extended once and Valdez's motion for leave to amend was filed only a few weeks before close of the second. A motion for leave to amend brought this late in the case supports defendants' claimed prejudice" in part because amendment would cause "additional discovery and delay" (citations omitted)).

Rather than arguing that amendment would not prejudice Ford, plaintiffs argue instead that allowing amendment is simply the *least* prejudicial of the available options. That is because, in plaintiffs' view, if they cannot amend now, a separate action regarding the additional models will need to be filed, which would involve duplicative discovery and other inefficiencies. Setting aside that it is uncertain whether a separate action would be filed and that Ford has apparently considered this possibility and concluded that potential burden on it is outweighed by the burden of amendment in this action, I find this argument unavailing. The court in plaintiffs' cited authority found that granting plaintiff's motion to amend would not unduly delay the litigation or prejudice the defendants because "denying the motion will result in even greater burdens and expense for both parties." *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2012 WL 6214597, at *7 (N.D. Ill. Dec. 13, 2012). *Chapman* is distinguishable for at least two reasons. First, the court found that the amendment sought by the plaintiffs would offer "a more specific and tailored class

10

definition." *Id.* at *6. Here, plaintiffs seek a significant expansion of the class. Second, the court was concerned that if it did not permit the plaintiff to amend, then it would likely later find the class representative inadequate, and the parties would need to "truly start the matter over." *Id.* at *7-8. Here, there is no concern that denying plaintiffs' amendment would affect the current putative class members' case; the only issue is whether there may be a separate action for the additional models and years.

Although plaintiffs' briefs decry the prejudice that plaintiffs will suffer if the motion is denied, Ford points out that named plaintiffs--i.e., those who experienced issues with their 2017-2020 Ford F-150s--are the plaintiffs here and they will suffer no such prejudice because they may continue with this litigation as before. It is only the possible additional class members who drive the other models and F-150 model years who would be affected by the disposition of this motion--and they are not currently parties to this action. Indeed, even the unnamed putative class members under the CAC are not technically litigants. *See Schorsch*, 417 F.3d at 750 ("Class members are represented vicariously but are not litigants themselves." (citations omitted)).

### III.

Because I find that plaintiffs' motion for leave to amend should be denied as untimely and unduly prejudicial, I do not

11

discuss the parties' arguments regarding whether amendment would be futile or would violate the stay as to the claims of Dougherty and McDonald.

For the foregoing reasons, plaintiffs' motion for leave to amend is denied. Ford's motion to strike is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 23, 2023