UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------------ x
                                                                                                                                           :

JUSTIN O'CONNOR, et al., on behalf of himself   :
and all other similarly situated,                               :      Case No. 19-cv-5045
                                                                                                                                           :
                              Plaintiffs,        :      Consolidated with Case
                                                                      :      Nos. 20-cv-1981, 20-cv-2095,
                             - against -          :      20-cv-2612, and 21-cv-6540
                                                                      :
FORD MOTOR COMPANY,                            :      Magistrate Judge Maria Valdez
                                                                              :
                                    Defendant.        :
                                                                                    :
------------------------------------------------------------ x

## JOINT STATUS REPORT

Plaintiffs Michael Barcelona, Susan Heller, Robert Marino, Bryan Smith, Jason Steen, and Stanislaw Zielinski ("Plaintiffs"), and defendant Ford Motor Company ("Ford," and collectively with Plaintiffs, the "Parties"), provide this joint status report on the progress of discovery pursuant to the Court's January 25, 2022 directive (ECF 218).

A.    <u>Plaintiffs' Motion to Vacate Order Setting Discovery Schedule.</u> On December 13, 2022, Plaintiffs filed a motion seeking to vacate the discovery schedule in connection with their motion for leave to amend the complaint to assert claims related to non-Class Vehicles. (ECF 186.) On December 20, 2022, the Court entered a minute entry providing that the motion "is taken under advisement pending Judge Dow's ruling on Plaintiffs' motion for leave to amend the complaint." (ECF 190.) Earlier today, Judge Bucklo entered an order denying Plaintiffs' motion for leave to amend. (ECF 232.) As Plaintiffs' motion to vacate

the discovery schedule was contingent on the granting of their motion for leave to amend the complaint, it is therefore no longer at issue.

B. <u>Compliance With the Court's January 17, 2023 Order.</u> On January 17, 2023, the Court granted, in-part, Plaintiffs' Motion to Enforce the October 21, 2022 Order. (ECF 214.) The Court's Order states that (i) Ford "shall have 14 days to conduct a reasonably diligent search for additional documents [responsive to RFP Nos. 13, 49, and 50] and to produce any such documents or to provide Plaintiffs with a verification that no additional documents were found," and (ii) Plaintiffs "may propound 5 additional discrete interrogatories pertaining to pertinent costs," and that Ford would have 30 days to respond.

On January 20th, Plaintiffs served their Third Set of Interrogatories on Ford. On February 1st, the Court granted Ford's unopposed motion to extend its deadline to February 10, 2023 to produce documents responsive to RFP Nos. 13, 49, and 50, or provide a verification that no such documents were found. (ECF 226.) On February 10th, Ford served a responsive document production and supplemental responses to RFP Nos. 13, 49, and 50. These responses are currently the subject of meet and confer between the Parties. On February 20th, Ford requested—and Plaintiffs consented to—an extension of Ford's deadline to respond to Plaintiffs' Third Set of Interrogatories from February 21st to February 24th. Ford intends to serve its answers and objections on or before February 24th.

C. <u>Depositions</u>. Ford has completed its depositions of all Plaintiffs. Plaintiffs have completed the depositions of four current and former Ford employees. In December 2022, Plaintiffs

also served three subpoenas for the depositions of former Ford employees, and their complete notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6). While one of the percipient witness depositions took place on January 25, 2023, the balance of the pending depositions remain the subject of significant meet and confer efforts, even following motion practice and several rounds of attempted scheduling.

> *Plaintiffs' Position*: Plaintiffs have been working diligently to coordinate depositions since December, and are eager to complete the remaining depositions. However, Ford's discovery strategy has rendered this unfeasible, and left the Parties in their current situation. Specifically, there are at least six significant issues impacting the pending depositions, and which appear likely to be the subject of further discovery practice.[1]
>
> *First,* Plaintiffs relied on Ford's promise to produce documents from the custodial sets of the individual deponents—Messrs. Riley and Newman—and to do so no later than January 31; but not until February 8 did Ford disclose that the **entirety** of the relevant documents from both employees was ten spreadsheets from Mr. Newman, despite these individuals being, in Mr. Riley's case, the "primary person that dealt with the design of the seals," was involved in the development of the 10R80 from 2012 to 2020, and Lead/Supervisor of the Seals team, and, in Mr. Newman's case, the Calibration Supervisor involved with the 10R80 transmission from 2017-2020.
>
> *Second*, after Plaintiffs were forced to move to compel on deficient responses to two requests for production Ford belatedly promised to produce documents from five additional custodians to "resolve the issue." Plaintiffs immediately raised concerns about this promise, which proved prescient when Ford announced that it had unilaterally retracted two of those five custodians and would not be producing any documents from them. (Confusingly, Ford below claims that it "produced responsive documents" from the "custodial files," but there is no question that no such documents were produced.) Ford now claims that Plaintiffs are no longer permitted to raise this issue, even though Plaintiffs first expressed their concerns in the previous Joint Status Report (which was prepared and filed *the day after* Ford had disclosed that it was withholding documents from these two custodians), further explored these concerns in correspondence sent on February 1 (which posed specific questions regarding Ford's decision and sought an immediate telephonic conference which Ford rejected), was the subject of further correspondence (Ford's

---

[1] Nevertheless, pursuant to the Court's instructions at the last hearing, Plaintiffs have been attempting to exhaust all possible meet and confer efforts, before filing such motions. Further, while Plaintiffs have previously held back pending discovery disputes from Joint Status Reports, and waited until meet and confer efforts had been completed before bringing them to the Court's attention, Ford has argued that such discretion should impede Plaintiffs' ability to pursue them at all and so Plaintiffs' include them here.

on February 14 and Plaintiffs' on February 17), and finally a telephonic conference on February 21. Ford cannot pretend that Plaintiffs have not diligently pursued this issue at every turn (beginning with their initial motion to compel, filed in October).

*Third*, Ford has produced "benchmarking documents" pursuant to Court order, which are lacking underlying data on which they rely, and therefore do not appear to be produced as they are kept in the regular course of business.

*Fourth*, Ford has produced 29 documents—19 of which were produced *two weeks after the close of fact discovery*, and pursuant to Court order to produce "failure and replacement rate" reports—which contain links to "teardown reports" of 10R80 transmissions (and other highly relevant material) that are not accessible outside of Ford and lead to reports which were not produced.

*Fifth*, Ford has refused to identify the witnesses it has designated for its 30(b)(6) depositions—despite Plaintiffs' assurance that they will not seek to influence which witnesses are selected, and explanation that they seek to make the depositions as efficient and production as possible—with no justification other than that "we are not required to," and the claim that the identity of the witnesses is irrelevant. (Further, Ford mischaracterizes Plaintiffs' position, and statements during the telephonic conference, despite being informed that its representations are incorrect. As explained during that conference, Plaintiffs seek the identity of Ford's corporate witnesses to determine whether those individuals appear amongst the documents produced by Ford, where and in what capacity, and to otherwise research those individuals' history with Ford in advance of the deposition.)

*Sixth*, Ford has indicated that its former employee, Mr. Riley, who has been subpoenaed in his individual capacity, will also be presented as Ford's witness with respect to Plaintiffs' FRCP 30(b)(6) deposition topic regarding seals in the 10R80 transmission, however until the recent telephonic conference on February 21, appeared to be taking the position that Mr. Riley's depositions as corporate designee and in his individual capacity both had to be conducted in one day, without any proposed protocol for those depositions.

These issues, and depositions, have been under discussion for several months, and have been the subject of several telephonic conferences, and dozens of written exchanges, and remain unresolved. Indeed, at the conclusion of the most recent telephonic conference on February 21, Ford's counsel insisted that some deposition get scheduled despite the pending issues, but when pressed could only identify Mr. Newman's deposition as possibly moving forward in light of the pending issues. Therefore, on the basis of Ford's representations regarding its attempts to locate relevant and responsive documents, pending confirmation of a few remaining details and without waiving their right to pursue discovery motions regarding Messr. Newman's and Riley's documents or additional deposition time if necessary, Plaintiffs have agreed to move forward with their depositions in the coming weeks.

*Ford's Position*: Even though we are past the January 12th fact discovery deadline, Ford has offered deposition dates to Plaintiffs for the remaining fact depositions. Based on the Court's January 25th Order that "the previously-set expert discovery schedule shall stand"—a schedule that includes a March 16th deadline for Plaintiffs to serve their expert reports—Ford has informed Plaintiffs that it will not agree to schedule any depositions later than March 9th. In a follow-up meet and confer about the issue on February 21st, Plaintiffs' counsel refused to move forward with any of the noticed depositions until the Court resolves the issues identified in the "Plaintiffs' Position" section *supra*. Such a refusal is not warranted. On February 23rd, Plaintiffs for the first time offered to proceed with Mr. Newman's deposition on March 7-10 or 13-17, and with Mr. Riley's dual-capacity deposition "in the coming weeks." Ford maintains its position that all fact depositions should be completed by March 9 due to the need to proceed with expert discovery. Ford will confer with the witnesses and intends to propose deposition dates for Messrs. Newman and Riley on or before that date.

Ford vigorously disagrees with Plaintiffs' characterization of the issues identified *supra*. While Ford reserves its right to provide a more fulsome response to each of those issues, particularly provided Plaintiffs' statement on the likelihood of related motion practice, Ford will briefly respond to each issue below.

*First*, Ford produced the custodial files of Mr. Riley and Mr. Newman that it identified in its search on January 25th, as agreed by the parties. That Ford did not specifically inform Plaintiffs of the completeness of such production until afterwards is immaterial.

*Second*, Ford incorporates by reference its prior statement regarding the production of documents from custodians involved in communications with GM from Paragraph A(2) of the January 24, 2023 joint status report. (ECF 217.) If Plaintiffs believed that this issue warranted postponing all depositions, they should have sought relief at that time, instead of waiting another month to raise the issue. Plaintiffs' failure to take any action on this issue, despite the passage of the fact discovery deadline and the upcoming expert discovery schedule, effectively waives the issue. Ford further objects to Plaintiffs' characterization of it as "withholding" documents; Ford reviewed the documents identified from the custodial files and produced responsive documents.

*Third*, Ford specifically informed Plaintiffs during the February 21, 2023 meet and confer that the "benchmarking documents" were produced as they were maintained in the regular course of business. Plaintiffs have identified no basis to believe otherwise. Regardless, the benchmarking documents identified by Plaintiffs in their correspondence to Ford were produced on September 30, 2022 (eleven documents), November 8, 2022 (nine documents), and January 25, 2023 (one document). Thus, to the extent that Plaintiffs contend that Ford was required to produce the underlying data, Plaintiffs waived the issue by waiting until after the fact discovery deadline to first raise it. *See, e.g.*, ECF 214 ("The Court will not allow any further discovery in this case[.]").

5

*Fourth*, Plaintiffs first raised the issue of whether Ford should produce certain information purportedly linked to in Ford-produced documents on February 9th. Plaintiffs identified the specific documents at issue to Ford for the first time on February 23, 2023. Those documents were produced by Ford as early as August 5, 2022, and were all produced on or before January 23rd. While Ford substantively denies that it needs to produce the information, Plaintiffs have waived their right to seek its production by waiting until after the close of discovery to specifically request it.

*Fifth*, Ford is not required to identify its 30(b)(6) witnesses because they are not testifying in their individual capacity, but instead as representatives of Ford. During the February 21, 2023 meet and confer, Plaintiffs indicated that such an identification was required so that they could review the deponent's custodial documents (to the extent that they've been produced) and ask questions about those documents. The custodians' individual documents are outside the scope of Plaintiffs' 30(b)(6) notices.

*Sixth*, Ford is willing to work with Plaintiffs to identify an appropriate amount of hours for Mr. Riley to be deposed in both his capacity as a fact witness and a corporate representative. As indicated *supra*, however, that deposition should take place on or before March 9th.

D. <u>Vehicle Inspections.</u> As indicated in the Parties' January 24, 2023 joint status report, Ford intends to seek inspections of Plaintiffs' vehicles during expert discovery. Plaintiffs maintain all objections, but otherwise reserve their position until presented with any specific request for such inspections, which have not been provided or discussed. Ford is currently preparing a draft inspection protocol for Plaintiffs' consideration. The parties have not yet conducted meet and confers regarding such inspections, however, Ford expects to initiate those discussions immediately following its service of the draft inspection protocol.

Dated: February 23, 2023

By: /s/ Hector Torres
Hector Torres (*Admitted Pro Hac Vice*)
Cindy Caranella Kelly (*Admitted Pro Hac Vice*)
Stephen P. Thomasch (*Admitted Pro Hac Vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
htorres@kasowitz.com
ckelly@kasowitz.com
sthomasch@kasowitz.com

Mark H. Boyle
Mason W. Kienzle
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street
Suite 800
Chicago, IL 60603
Telephone: (312) 422-0900
boyle@dbmslaw.com
kienzle@dbmslaw.com

Jodi M. Schebel (*Admitted Pro Hac Vice*)
BOWMAN AND BROOKE LLP
41000 Woodward Ave., Suite 200 East
Bloomfield Hills, MI 48304
Telephone: (312) 422-0900
jodi.schebel@bowmanandbrooke.com

*Attorneys for Defendant Ford Motor Company*

By: /s/ Leland H. Belew
Gregory F. Coleman
Mitchell Breit
Ryan P. McMillan (*Admitted Pro Hac Vice*)
Leland H. Belew
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
gcoleman@milberg.com
mbreit@milberg.com
rmcmillan@milberg.com
lbelew@milberg.com

John R. Fabry (*Admitted Pro Hac Vice*)
THE CARLSON LAW FIRM, P.C.
1717 N. Interstate Highway 35
Suite 305
Round Rock, Texas 78664
Telephone: (512) 671-7277
jfabry@carlsonattorneys.com

Sidney F. Robert (*Admitted Pro Hac Vice*)
BRENT COON AND ASSOCIATES
300 Fannin, Suite 200
Houston, Texas 77002
Telephone: (713) 225-1682
Sidney.robert@bcoonlaw.com

Edward A. Wallace
Mark R. Miller
WALLACE MILLER
150 N. Wacker Dr., Suite 1100
Chicago, IL 60606
Telephone: (312) 261-6193
eaw@wallacemiller.com
mrm@wallacemiller.com

*Attorneys for the O'Connor Plaintiffs*