IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUSTIN O'CONNOR, et al., on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 19-cv-5045 |
| v. | ) ) | Judge Jeffrey I. Cummings |
| FORD MOTOR CO., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Michael Barcelona, Susan Heller, Bryan Smith, Jason Steen, and Stanislaw Zielinski (collectively, "plaintiffs") bring this putative class action against defendant Ford Motor Company ("defendant" or "Ford") for damages allegedly arising out of defendant's sale and lease of 2017 to 2020 Model Year Ford F-150 trucks with defective 10-speed automatic transmissions. Relevant here are plaintiffs' claims under the Magnuson-Moss Warranty Act ("MMWA"), which provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. §2310(d)(1).

The parties have filed competing motions for class certification and for denial of class certification, in which they dispute, among many other disputes, whether plaintiffs meet MMWA's jurisdictional requirements for a class action. After first raising this issue in its motion to deny class certification, (Dckt. #330 at 26-27), Ford filed a separate partial motion to dismiss plaintiffs' MMWA claims for lack of subject matter jurisdiction, (Dckt. #381), again arguing that

plaintiffs have failed to satisfy MMWA's jurisdictional requirements because there are not 100 *named* plaintiffs. *See* 15 U.S.C. §2310(d). In response, the five remaining named plaintiffs concede that they do not meet the jurisdictional requirement of the MMWA requiring 100 named plaintiffs, but argue that the Court can either exercise original jurisdiction over their MMWA claims under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1711 *et seq*., or exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). For the reasons set forth below, the Court finds that it can exercise jurisdiction under CAFA and therefore denies defendant's motion to dismiss, (Dckt. #381).

I.     **LEGAL STANDARD UNDER RULE 12(b)(1)**

Under Rule 12(b)(1), a claim should be dismissed if the federal court lacks jurisdiction over the subject matter of the claim.[1] "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case," and the Court "accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff" when determining whether there is subject matter jurisdiction. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014) (cleaned up). Nevertheless, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id*. at 588-89.

---

[1] It is of no moment that Ford raised its attack on subject matter jurisdiction four and a half years into this case because "[s]ettled precedent holds that '[n]o party can waive or forfeit a lack of subject-matter jurisdiction.'" *W.C. Motor Co. v. Talley*, 63 F.Supp.3d 843, 852 (N.D.Ill. 2014), *quoting United States v. Adigun*, 703 F.3d 1014, 1022 (7th Cir. 2012).

## II.     RELEVANT BACKGROUND[2]

Plaintiffs bring this putative class action on behalf of all similarly situated individuals who purchased or leased Ford's 2017 to 2020 Model Year F-150 trucks equipped with a 10-speed "10R80 Transmission" that suffers from a defect (hereinafter, the "Class Vehicles"). According to plaintiffs, from the beginning of Ford's development of its 10R80 Transmission – which served to replace Ford's 6-speed "6R80 Transmission" – "Ford has been aware of harsh, jerky, erratic, lunging, hesitating, and otherwise inconsistent shifting in the 10R80 Transmission, but has been unable to resolve these malfunctions caused by the 'Defect.'" (Dckt. #325 at 8). In plaintiffs' view, "the Defect is the inability of the Transmission's internal seals to maintain the intended and necessary pressure on either side of the seal to ensure secure and timely engagements of each clutch required for a specific gear." (Dckt. #325 at 8). For its part, Ford denies that there is any such defect in its 10R80 Transmission.

In their pending motion for class certification, the five named plaintiffs ask the Court to certify a class on behalf of similarly situated individuals in their respective states, *i.e.*, Massachusetts (Barcelona), New York (Heller), California (Smith and Steen), and Zielinski (Illinois). Specifically, plaintiffs seek to represent:

> All persons in [**STATE**] who formerly or currently own or leased one or more 2017-2020 Model Year F-150 truck equipped with a 10R80 10-speed automatic transmission.

(Dckt. #325 at 8-9). On behalf of these putative class members, plaintiffs bring numerous state law claims for breach of implied and express warranty, fraudulent omission, and violation of consumer protection statutes. Plaintiffs also bring claims for breach of warranty in violation of

---

[2] The Court presumes familiarity with the facts of this case and includes only those facts that are relevant to defendant's motion to dismiss for lack of subject matter jurisdiction.

3

the MMWA, which Ford now asks the Court to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

### III. ANALYSIS

Congress passed the Magnuson-Moss Warranty Act of 1975 "in response to perceived problems with warranties on consumer goods." *In re Generac Solar Power Sys. Mktg., Sales Pracs., & Prods. Liab. Litig.*, 735 F.Supp.3d 1036, 1040 (E.D.Wis. 2024) (citing Kurt A. Strasser, *Magnuson-Moss Warranty Act: An Overview and Comparison with UCC Coverage, Disclaimer, and Remedies in Consumer Warranties*, 27 Mercer L. Rev. 1111, 1113 (1976)). "The Act aims to make warranties more understandable to the consumer and to create a mechanism for more easily enforcing express or implied warranties." *In re Generac*, 735 F.Supp.3d at 1040 (citing Strasser).

Pursuant to the MMWA, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief –

> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection."

15 U.S.C. §2310(d)(1). Pursuant to paragraph (3), "[n]o claim shall be cognizable" in a suit brought under subsection (B):

> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

4

> (C) *if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.*

15 U.S.C. §2310(d)(3) (emphasis added).

Again, Ford now asks the Court to dismiss plaintiffs' MMWA claims for lack of subject jurisdiction, arguing that plaintiffs have failed to satisfy the jurisdictional requirements of subsection (B) of the MMWA, which requires there to be 100 *named* plaintiffs to proceed in federal court. In response, the remaining named plaintiffs (there are only five) concede that they do not satisfy the 100-named plaintiff requirement of the MMWA, but argue that: (1) the Court is otherwise a court of "competent jurisdiction" under subsection (A) of the MMWA; (2) the Court may exercise jurisdiction over MMWA claims pursuant to CAFA even without 100 named plaintiffs[3]; and (3) alternatively, the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367(a). The Court agrees, in part, with plaintiffs.

### A. Subsection (A) does not independently afford this Court jurisdiction over plaintiffs' MMWA claims.

The Court quickly disposes of plaintiffs' argument that the Court may simply exercise jurisdiction over their MMWA claims pursuant to subsection (A) of the MMWA without consideration of the 100-named plaintiff requirement. Again, subsection (A) affords jurisdiction to "any court of competent jurisdiction in any State or the District of Columbia." 15 U.S.C. §2310(d)(1). In plaintiffs' view then, the Court has jurisdiction under subsection (A) and need not reach the additional jurisdictional requirements of subsection (B).

---

[3] Ford argues that plaintiffs have waived this argument because they chose not to address it – at least in the context of subsection (B) – in response to defendant's motion to dismiss. However, plaintiffs addressed this general argument, at least in part, in response to Ford's motion to deny class certification, (Dckt. #367 at 25-26), which prompted Ford to also address the issue at the outset in its motion to dismiss. As such, the potential prejudicial implications of waiver are not at play here.

5

As Ford argues, however, and as many courts have held, subsection (A) "governs those cases brought in state or local courts in any state or the district of Columbia, while subsection (B) provides for jurisdiction in federal courts." *Smith v. Abbott Lab'ys Inc.*, No. 20-CV-5684(EK)(MMH), 2023 WL 6121798, at *3 (E.D.N.Y. Sept. 19, 2023); *see also Opheim v. Volkswagen Aktiengesellschaft*, No. CV2002483KMESK, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021). This is so because to interpret subsection (A) to include federal district courts would render subsection (B) superfluous in violation of the plain rules of statutory interpretation. *See River Rd. Hotel Partners, LLC v. Amalgamated Bank*, 651 F.3d 642, 651 (7th Cir. 2011) ("Interpretations that result in [statutory] provisions being superfluous are highly disfavored."); *Opheim*, 2021 WL 2621689, at *12 ("interpreting 'court of competent jurisdiction' to include federal courts [would render Subsection (B) superfluous]; if 'any' court is covered, then subsection (B), referring to 'district court[s] of the United States' is unnecessary"). Indeed, if subsection (A) "was intended to provide an alternative path to federal court . . . Congress could have said so expressly, as it did in § 2310(d)(1)(B)." *Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 180 (3d Cir. 2023).

For these reasons, the Court finds that subsection (A) does not independently afford this Court jurisdiction over plaintiffs' MMWA claims and the 100-named plaintiff requirement of subsection (B) remains in play (and unsatisfied by plaintiffs). The Court thus turns to whether it may nonetheless exercise jurisdiction over plaintiffs' MMWA claims pursuant to CAFA.

### B. The Court may exercise jurisdiction over plaintiffs' MMWA claims pursuant to CAFA.

CAFA, enacted in 2005, grants district courts with original jurisdiction over any class action – where, as here – "the amount in controversy exceeds the sum of $5,000,000 in the aggregate; there is minimal diversity among the parties, *i.e.*, any class member and any defendant

6

are citizens of different states; and there are at least 100 members in the class."[4] *Velez v. RM Acquisition, LLC*, 670 F.Supp.3d 620, 630 (N.D.Ill. 2023) (citing 28 U.S.C. §1332(d)(2)). The Seventh Circuit has recognized that "CAFA was enacted to grant[] broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (cleaned up); *Saskatchewan Mut. Ins. Co. v. CE Design, Ltd.*, 865 F.3d 537, 541 (7th Cir. 2017) ("It is true, as SMI stresses, that Congress wanted courts to read CAFA broadly."); *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 336 (4th Cir. 2019) ("we are obliged to construe and apply CAFA's grant of federal court jurisdiction broadly.") (citing *Appert*, 673 F.3d at 618-19); *see also* S.Rep. No. 109-14, at 43, 45 (2005) (explaining that CAFA's provisions granting federal court jurisdiction broadly).

However, the Seventh Circuit "has yet to address whether a class action based on violations of the MMWA that does not satisfy the MMWA's numerosity requirement but satisfies CAFA may be brought in federal court," and there is a split in the circuits regarding this issue. *Velez*, 670 F.Supp.3d at 630; *see also Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 733 n.2 (7th Cir. 2021) (recognizing the circuit split but declining to decide the issue). In particular, the Sixth Circuit held that a district court may exercise jurisdiction under CAFA even if the plaintiff does not satisfy MMWA's jurisdictional requirements. *Kuns v. Ford Motor Co.*, 543 Fed.Appx. 572, 574 (6th Cir. 2013). In contrast, the Ninth and the Third Circuits have held that CAFA does *not* confer federal jurisdiction over MMWA claims that do not otherwise satisfy the MMWA's

---

[4] Ford does not dispute that plaintiffs satisfy the requirements of CAFA. To be sure, in plaintiffs' amended complaint, plaintiffs alleged that the Court has jurisdiction under CAFA because there "are at least 100 members in the proposed class, the aggregated claims of the individual Class Members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and Plaintiffs and Class Members are citizens of states different from Defendant." (Dckt. #63 at 10). In its answer, Ford "admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(d)." (Dckt. #90 at 8).

jurisdictional requirements. *Rowland*, 73 F.4th at 182-85; *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027 (9th Cir. 2020).[5] District courts across the Circuits also remain split, although many courts in the Seventh Circuit have found that CAFA *does* afford an independent basis for federal jurisdiction under these circumstances. *See, e.g, Velez*, 670 F.Supp.3d at 630-31 (collecting cases); *Castle v. Kroger Co.*, 634 F.Supp.3d 539, 564-66 (E.D.Wis. 2022); *Van Zeeland v. Rand McNally*, 532 F.Supp.3d 557, 564 (N.D.Ill. 2021); *Stella v. LVMH Perfumes & Cosms. USA, Inc.*, 564 F.Supp.2d 833, 838 (N.D.Ill. 2008).

In consideration of the Seventh Circuit's guidance regarding the liberal construction of CAFA, this Court is persuaded by the reasoning of the courts which have held that CAFA affords jurisdiction even where MMWA's jurisdictional requirements are not satisfied. As the *Velez* court recently explained:

> CAFA was enacted to expand federal jurisdiction over class actions and when Congress enacted CAFA, it did so with the knowledge of the MMWA's jurisdictional requirements. Therefore, once plaintiffs have satisfied CAFA, the MMWA's additional requirements do not apply.

*Velez*, 670 F.Supp.3d at 631-32 (cleaned up).

This reasoning was recently expounded further by the *In re Generac* court, which explained – after a thoughtful review of the purposes behind MMWA and CAFA and the opinions from the Third and Ninth Circuits – that:

> Congress's intent in enacting the jurisdiction-limiting provisions of the MMWA was to avoid creating federal jurisdiction over small warranty claims. But a class action in which the aggregate amount in controversy exceeds $5 million is not a small claim. Indeed, the Congress that passed the MMWA apparently viewed an aggregate amount in controversy of $50,000 as sufficient to warrant federal jurisdiction. *See* 15 U.S.C. § 2310(d)(3)(B). Thus, nothing in the text or history of the MMWA suggests that the Congress that passed the MMWA would have

---

[5] The Court notes that it is not bound by the decisions from these other circuits and that it "owes no more than respectful consideration to the views" stated therein. *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994).

intended to preclude federal courts from exercising jurisdiction over an MMWA claim if the conditions specified in CAFA were met.

\* \* \*

[A] better interpretation of the MMWA's jurisdictional provisions is that Congress did not intend for them to strip federal courts of diversity jurisdiction. Under this interpretation, all the other reasons given by the Ninth and Third Circuits for holding that CAFA does not supply jurisdiction fall away. The balance of the Ninth Circuit's reasoning focuses on whether a court should find that CAFA implicitly repealed the MMWA's jurisdictional requirements by implication. This depends on the assumption that CAFA could be viewed as repealing the relevant part of the MMWA. But if the MMWA's jurisdictional provisions do not apply to diversity jurisdiction in the first place, then CAFA does not in any sense "repeal" those provisions. Rather, each statute creates distinct jurisdictional requirements. Under CAFA, the parties must be minimally diverse, the aggregate amount in controversy must exceed $5 million, and there must be at least 100 class members. Under the MMWA, diversity is not required, but the aggregate amount in controversy must be at least $50,000 and there must be at least 100 named plaintiffs. These statutes can coexist: in cases where the parties are not minimally diverse or the aggregate amount in controversy is less than $5 million, the MMWA's jurisdictional provisions will determine whether a federal court has jurisdiction. Therefore, a court must give effect to each statute.

*In re Generac*, 735 F.Supp.3d at 1046.

After giving effect to each statute here – where it is undisputed that the parties are minimally diverse, the amount in controversy exceeds $5 million and, and there are at least 100 class members – the Court concludes that CAFA provides an independent basis for subject matter jurisdiction over plaintiffs' MMWA claims.[6]

---

[6] Having reached this conclusion, the Court need not address plaintiffs' alternative argument that the Court may exercise supplemental jurisdiction over their MMWA claims pursuant to 28 U.S.C. §1367(a). The Court notes, however, as did the Court in *In re Generac*, that the Seventh Circuit has twice implied that a district court may exercise supplemental jurisdiction over an MMWA claim even where certain requirements of the MMWA are not met. 735 F.Supp.3d at 1041 (citing *Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 844-45 (7th Cir. 2014), and *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 521-22 (7th Cir. 2003)).

## CONCLUSION

For the foregoing reasons, defendant's partial motion to dismiss for lack of subject matter jurisdiction, (Dckt. #381), is denied.

**DATE: March 12, 2025**

**Jeffrey I. Cummings**
**United States District Court Judge**