UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN O'CONNOR, et al., on behalf of himself and all others similarly situated, | Case No. 1:19-cv-05045 |
| Plaintiff, | |
| v. | Consolidated with Case Nos. 20-cv-1981, 20-cv-2095, 20-cv-2612, and 21-cv-6540 |
| FORD MOTOR COMPANY, | |
| Defendant. | Judge Jeffrey I. Cummings |

**<u>PLAINTIFFS' OPPOSITION TO FORD MOTOR COMPANY'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS</u>**

Plaintiffs, by Counsel, respectfully submit this opposition to the Motion for Partial

Judgment on the Pleadings (ECF No. 433) filed by Defendant Ford Motor Company ("Ford").

## I. INTRODUCTION

Ford's Motion to dismiss Plaintiff Barcelona's Ch. 93A claim rests entirely on the false

assertion that his Ch. 93A claim is exclusively derivative of his dismissed fraud claims. However,

Massachusetts courts are clear that Ch. 93A's prohibition on unfair or deceptive practices goes

beyond the scope of common law fraud. Further, Massachusetts' highest court has held repeatedly

that a Ch.93A claim and an implied warranty claim based upon the same set of alleged facts and

theory of harm should rise or fall together. Because the Court previously found that Barcelona

adequately states a claim for breach of implied warranty, it should uphold his Ch. 93A claim based

on the same conduct. The Court should deny Ford's Motion.

## II. BACKGROUND

Plaintiff O'Connor filed the initial Complaint against Ford on July 26, 2019, alleging Ford

designed, manufactured, and sold Class Vehicles equipped with a defective 10-speed transmission

that caused harsh and erratic shifting. ECF No. 1 at ¶¶ 2-3. Ford filed a motion to dismiss, which

was granted without prejudice on August 7, 2020 by Judge Dow. ECF No. 59. Plaintiffs filed the

Consolidated Amended Complaint (the "CAC") on September 25, 2020, which added the claims

of additional plaintiffs from other states, including those of Plaintiff Barcelona. ECF No. 63. Ford

filed a second motion to dismiss, which was granted in part and denied in part on September 30,

2021 by Judge Dow. ECF No. 76.

Specifically, the Court dismissed Barcelona's fraud claims, but sustained his implied

warranty and Ch. 93A claims. *Id*. at 15, 57-58, 61, 75-79.[1] The case then proceeded to discovery

---

[1] Using CM/ECF pagination.

and the Parties fully briefed the issue of class certification on December 22, 2023, which is currently pending. Now, almost five years since the filing of the CAC, Ford again challenges the sufficiency of Plaintiff Barcelona's Ch. 93A claim on the new argument that Barcelona's Ch. 93A claim is entirely derivative of his dismissed fraud claims. ECF No. 433 (Ford's "Motion" or "Mot.").

The Parties met and conferred on May 14, 2025 to discuss Ford's anticipated Motion. In the spirit of compromise, Plaintiffs offered to stipulate to dismissal of any fraud-based theories of liability under Ch. 93A, but would not, for the reasons stated below and contrary to Ford's representations, dismiss Barcelona's Ch. 93A claim under other theories of liability alleged in the CAC. *See* ECF No. 431. Ford then filed its present Motion.

## III.    LEGAL STANDARD

The standard for a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Wolf v. Riverport Ins. Co*., 734 F. Supp. 3d 832, 838 (N.D. Ill. May 21, 2024) (citing *Citizens Ins. Co. of Am. v. Wynndalco Enters., LLC*, 70 F.4th 987, 994–95 (7th Cir. 2023)). As with a motion to dismiss for failure to state a claim, a court considering a 12(c) motion must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party. *Id*. (citing 2 James Wm. Moore et al., Moore's Federal Practice § 12.38 (3d ed. 2022)). If the claim contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, the 12(c) motion must be denied. *Id*.

## IV.    ARGUMENT

### A. Plaintiff Barcelona Adequately Pleaded His Ch. 93A Claim.

#### 1. Barcelona's Ch. 93A Claim is Sufficiently Pled as an Independent Cause of Action.

As already determined in this case, Plaintiff Barcelona adequately states a claim under Ch. 93A irrespective of his other claims. ECF No. 76 at 75-79. Ch. 93A prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2(a). An act or practice is unfair "if it falls within at least the penumbra of some common-law, statutory, or other established concept of unfairness; is immoral, unethical, oppressive, or unscrupulous; and causes substantial injury to consumers." *Walsh v. TelTech Sys., Inc.*, 821 F.3d 155, 160 (1st Cir. 2016) (internal quotations omitted). The scope of Ch. 93A is "extremely broad[]" *Butler v. Sigma-Aldrich, Inc.*, 2006 WL 8458677, at *5 (D. Mass. Aug. 31, 2006). Accordingly, "[t]he definition of an actionable unfair or deceptive act or practice *goes far beyond the scope of the common law action for fraud and deceit*." *CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, 2016 WL 1642573, at *5 (D. Mass. Apr. 25, 2016) (emphasis added). While "Chapter 93A claims are often linked with and derivative of other statutory and common law claims for relief, it is settled law that Chapter 93A supplies an independent cause of action." *Reed v. Zipcar*, 883 F. Supp. 2d 329, 334-35 (D. Mass. 2012). "As long as a litigant offers separate arguments in support of her Chapter 93A claim, it may be entertained irrespective of whether other colorable bases for relief remain." *Id*. at 335 (emphasis added).

In this case, Barcelona alleges that he began to notice the transmission "slipping" and "jerking" soon after purchase. CAC ¶ 106. He took his vehicle to two different Ford authorized dealerships on four occasions, but they were unable to fix his vehicle's transmission problems. *Id*. ¶¶ 107-110. Barcelona further alleges that had he "been advised of the Transmission Defect at or

before the point of purchase, he would not have purchased his Vehicle or else would have paid significantly less for the Vehicle" and he "did not receive the benefit of his bargain." *Id*. ¶ 113. Plaintiffs allege Ford violated Ch. 93A, in part, by "selling a product for personal or household use that was unsafe to use, holding out to the public that its product could be driven safely on the road, and failing to warn consumers that the Class Vehicles contained a Defect that posed a serious safety risk to consumers and the public." *Id*. ¶ 466. Numerous courts have found similar allegations involving automotive defects sufficient to state a claim under Ch. 93A. ECF No. 76 at 75-79; *Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 100-101 (D. Mass. 2021); *Costa v. Nissan N. Am., Inc*., 2019 WL 267463, at *2 (D. Mass. Jan. 18, 2019); *Awalt v. General Motors, LLC*, 2023 WL 2743294 (D. Mass. Mar. 31, 2023); *Stockley v. Nissan of N. Am., Inc*., 701 F. Supp. 3d 682, 700-701 (M.D. Tenn. Nov. 6, 2023); *In re FCA US LLC Monostable Elec. Gearshift Litig*., 2022 WL 998091, at *17 (E.D. Mich. Mar. 31, 2022).

Accordingly, Barcelona's Ch. 93A adequately states a claim for relief independent of his other claims.

### 2. Barcelona's Ch. 93A Claim Also Survives Because It Is Derivative of His Implied Warranty Claim.

The Supreme Judicial Court of Massachusetts ("SJC") has long held that if a Ch. 93A claim is only derivative of other claims which fail as a matter of law, the Ch. 93A claim must fail as well. *Gattineri v. Wynn MA, LLC*, 93 F.4th 505, 511 (1st Cir. 2024) (citing *Park Drive Towing, Inc. v. City of Revere*, 442 Mass. 80, 809 N.E.2d 1045, 1050-51 (2004)). A Ch. 93A claim is derivative of another claim if the two claims are based on the same economic theory of damages and based on the same set of alleged facts. *Iannacchino v. Ford Motor Co*., 888 N.E.3d 879, 889 (2008). In this case, Plaintiffs do not dispute that Barcelona's Ch. 93A claim is derivative, *in part*, of his now dismissed fraud claims. *See* ECF No. 76 at 56-58. However, a plain reading of the CAC shows

that it is not *solely* derivative of Barcelona's fraud claim, which is an important distinction. Plaintiffs dispute Ford's characterization that Plaintiffs have conceded this point. Mot. at 17. In the related *McCabe* briefing, the plaintiffs in that case merely agreed that Ford's alleged conduct applied to both Plaintiffs' fraud and Ch. 93A claims, *not* that the Massachusetts Plaintiffs' Ch. 93A claim was entirely derivative of their fraud claims. *McCabe v. Ford Motor Co.*, No. 1:23-cv-10829 (D. Mass.), ECF No. 113 at 69 ("Plaintiffs agree that the 93A claims are based on the same conduct *alleged in their misrepresentation and fraudulent omission claims*.") (emphasis supplied). Therefore, any dismissal of Barcelona's Ch. 93A claim should be limited to only his fraud theory. *See, e.g., Rezendes v. Mitsubishi Motors N. Am., Inc.*, 2023 WL 1864405, at *8-9 (D. Mass. Feb. 9, 2023) (finding that plaintiff stated a Ch. 93A claim under a plausible breach of warranty theory, but not under his dismissed fraud theory). The Parties' stipulation accomplishes just that. ECF No. 431.

As stated above, the scope of Ch. 93A is "extremely broad," and "an actionable unfair or deceptive practice goes far beyond the scope of the common law action for fraud and deceit." *CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, 2016 WL 1642573, at *5 (D. Mass. Apr. 25, 2016). It follows then that a Ch. 93A claim can be based on both fraud and warranty theories of liability. *AcBel Polytech, Inc. v. Fairchild Semiconductor Intern., Inc.*, 2014 WL 4656608, at *8 (D. Mass. Sept. 12, 2014); *Schneider v. BMW of N. Am., LLC*, 2022 WL 1310457, at *11-12 (D. Mass. Apr. 22, 2022). In this case, Barcelona's Ch. 93A claim incorporates his personal allegations as well as the same set of alleged facts as his implied warranty claim. CAC ¶ 460. Barcelona's Ch. 93A claim

also alleges the same theory of damages as his implied warranty claim, specifically that he overpaid for a defective vehicle. *Id*. ¶¶ 112, 454, 471.[2]

Barcelona's specific Ch. 93A allegations further mirror his implied warranty claims that the Class Vehicles were not merchantable at the time of sale. *See Id*. ¶ 451 ("Ford breached the implied warranty of merchantability in that the Class Vehicles transmissions were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used, and failed to conform to the standard performance of like products used in the trade."):

- "Ford developed, manufactured, marketed and sold the defective Class Vehicles containing the Defective Transmissions." *Id*. ¶ 463.

- "The Class Vehicles posed a serious safety risk to consumers." *Id*. ¶ 464.

- The transmissions "pose an immediate safety risk to consumers and the public." *Id*. ¶ 465.

- "Ford engaged in deceptive trade practices, in violation of the MCPL, including selling a product for personal or household use that was unsafe to use, holding out to the public that its product could be driven safely on the road, and failing to warn consumers that the Class Vehicles contained a Defect that posed a serious safety risk to consumers and the public." *Id*. ¶ 466.

- Plaintiffs "suffered injury in-fact as a direct result of Ford's violations of the MCPL in that they have paid a premium for Class Vehicles that are equipped with Ford's defective 10R80 10-speed automatic transmission and that pose an immediate safety risk to consumers and the public." *Id*. ¶ 471

- "Had Ford disclosed the true quality, nature and defects of the Class Vehicles, Plaintiffs and Massachusetts Subclass members would not have purchased the Class Vehicles or would have paid less." *Id*. ¶ 473

---

[2] While the exact language differs slightly across paragraphs, Plaintiffs only intend to seek damages under a price premium theory. *See* Plaintiffs' Memorandum in Support of Motion for Class Certification. ECF No. 326 at 43-44.

Under the applicable pleading standards, Barcelona is entitled to a reasonable inference that his Ch. 93A claim is derived, in part, from his well-pleaded implied warranty claim. Even if the Court finds that Barcelona's Ch. 93A claim is not derivative of his implied warranty claim, the proper relief would be to dismiss without prejudice and allow Plaintiffs to move to file an amended complaint that more explicitly incorporates his implied warranty claim into his Ch. 93A claim, rather than dismiss the Ch. 93A claim entirely. *See Iannacchino*, 888 N.E.2d at 889 (allowing plaintiffs to re-plead Ch. 93A and implied warranty claims).

Even if the Court finds that Barcelona's Ch. 93A claim does not incorporate a warranty-based theory, the Massachusetts SJC has long held that an adequately pleaded warranty claim can constitute a Ch. 93A violation on its own. *Maillet v. ATF-Davidson Co. Inc*., 407 Mass. 185, 193 (1990) ("Generally, a breach of warranty constitutes a violation of 93A, § 2); *see also Glyptal Inc. v. Engelhard Corp*., 801 F. Supp. 887, 899 (D. Mass. 1992) ("Breaches of express and implied warranties constitute a virtual per se violation of Mass. Gen. L. ch. 93A, § 2."); *Leach v. Honeywell Int'l. Inc*., 2014 WL 12585799, at *8 (D. Mass. Nov. 17, 2014). While the SJC has declined to impose automatic liability under Ch. 93A for a breach of warranty, it nevertheless continues to affirm that a breach of implied warranty is legally sufficient to constitute a violation of Ch. 93A. *See Evans v. Lorillard Tobacco Co*., 990 N.E.2d 997, n.25 (2013) (citing *Maillet*, 552 N.E.2d 95). Accordingly, Barcelona's well-pleaded implied warranty claim is sufficient to state a claim for relief under Ch. 93A.

### 3. Massachusetts Law is Clear That Barcelona's Ch. 93A Claim Should Rise or Fall with His Implied Warranty Claim.

As demonstrated above, Plaintiffs have established that Barcelona's Ch. 93A claim is sufficiently pled as both an independent cause of action and as derivative of his implied warranty claim. Therefore, the dismissal of Barcelona's fraud claim is not grounds to dismiss his Ch. 93A

claim. At most, the dismissal of Barcelona's fraud claim would warrant only dismissal of any fraud-based theory under Ch. 93A. *See Rezendes*, 2023 WL 1864405, at \*9.

Every case Ford cites in support of its Motion suffers from the same fatal distinction: none of the plaintiffs had any remaining viable claim to support a Ch. 93A violation. *See Gattineri*, 93 F.4th at 510 (93A claim derivative of failed contract and fraud claims); *Park Drive Towing, Inc*., 442 Mass. 80 (2004) (93A claim derivative of failed contract claim); *Cameron v. FCA US LLC*, 2022 WL 619519, at \*3 (Mass. Ct. App. Mar. 3, 2022) (unpublished) (93A claim derivative of failed lemon law claim); *Tenants' Development Corp. v. AMTAX Holdings 227, LLC*, 495 Mass. 207 (2025) (93A claim derivative of failed tort claims); *Thout v. Deutsche Bank Nat'l Trust Co., Trustee of the Residential Securitization Trust 2006-G Under the Pooling and Servicing Agreement Dated May 1, 2006*, 369 F. Supp. 3d 318, 324 (D. Mass. 2019) (93A claim derivative of failed negligence and fraud claims); *Whitman & Co., Inc. v. Longview Partners (Guernsey) Ltd*., 2015 WL 4467064, at \*7-8 (D. Mass. July 20, 2015) (93A claim derivative of failed contract claim); *Athru Grp. Holdings, LLC v. Shyft Analytics, Inc*., 2021 WL 3355273, at \*1 (Mass. Super. Ct. 2021) (93A claim derivative of failed fraud claims).

Ford's citation to summary judgment decisions in footnote 4 similarly fails to advance the ball. Tellingly, Ford ignores the fact that the court in *Schneider v. BMW of N. Am., LLC* found in a prior order that the plaintiff's Ch. 93A claim was properly pled as part of her implied warranty claim and only later dismissed both claims at summary judgment. *Compare Schneider v. BMW of N. Am., LLC*, 2019 WL 4771567, at \*8 (D. Mass. Sept. 27, 2019) *with* 2022 WL 1310457, at \*11 (D. Mass. Apr. 22, 2022). While Ford may want to try this argument again at summary judgment, it is clearly inappropriate here at the pleadings stage.

In sum, Ford's Motion seeks to contravene long-standing precedent upholding Ch. 93A claims where plaintiffs adequately state a separate implied warranty claim. The Massachusetts SJC clearly states that when "[a]n implied warranty claim and a c. 93A claim are based on the same economic theory of injury and the same set of alleged facts, *they should survive or fall under the same analysis*." *Iannacchino*, 451 Mass. 623, 888 N.E.2d 879, 889 (2008) (emphasis added). Massachusetts courts thus routinely uphold Ch. 93A claims where plaintiffs adequately state a related warranty claim. *See, e.g., Schneider*, 2019 WL 4771567, at *8 (D. Mass. Sept. 27, 2019); *Courtemanche v. Motorola Solutions, Inc*., 2025 WL 951401 (D. Mass. Mar. 28, 2025); *Butler*, 2006 WL 8458677, at *7; *LaBelle v. MarineMax Northeast, LLC*, 2024 WL 185434, at *4 (D. Mass. Jan. 17, 2024); *Callahan v. Shepard*, 2018 WL 4907525, at *4 (D. Mass. Oct. 9, 2018). This Court should do the same here.

### B. If the Court Finds Barcelona's Ch. 93A Claim Inadequately Pled, Any Dismissal Should Be Without Prejudice.

Plaintiffs contend that Barcelona's Ch. 93A claim is adequately pled both as an independent cause of action and as derivative of his implied warranty claim – which itself is legally sufficient to state a Ch. 93A violation. Plaintiffs acknowledge that the phrase "implied warranty of merchantability" does not appear in Plaintiffs' specific Ch. 93A allegations, but assert that they need not use "magic words" in order to state a violation under Ch. 93A. *Turner v. Office of Sheriff of Crawford Co*., 2009 WL 2252242, at *2 (S.D. Ill. July 29, 2009). Because Ford's Motion does not cite to, or rely on, evidence outside the CAC, Ford's Motion boils down to a hypertechnical pleadings dispute. As this Court recently noted in another case, a "plaintiff is not required to identify a legal theory in his complaint and specifying an incorrect theory is not fatal. Instead of asking whether the complaint points to the appropriate statute, a court should ask whether relief is possible under any set of facts that could be established consistent with the allegations." *Adams*

*v. Experian*, 2024 WL 5430353, at *2 (N.D. Ill. Apr. 3, 2024) (Cummings, J.) (quoting *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992) (internal quotations and citations omitted).

If the Court is nevertheless inclined to otherwise grant Ford's Motion, Plaintiffs request that any dismissal be without prejudice allowing Plaintiffs leave to amend the CAC under Federal Rule of Civil Procedure 15. *See Iannacchino*, 888 N.E.2d at 889 (dismissing Ch. 93A claim and implied warranty claim without prejudice and allowing plaintiffs to file an amended complaint); *Adams*, 2024 WL 5430353, at *2-3 (denying defendant's 12(c) motion without prejudice and granting *pro se* plaintiff leave to file an amended complaint). Plaintiffs' proposed amended Complaint would simply cross-reference their implied warranty claim (Count 14) with their Ch. 93A claim (Count 16), and include only claims consistent with the Court's September 30, 2021 Order. ECF No. 76. Ford fails to explain how cross-referencing another adequately pled claim is highly prejudicial to Ford, when Ford itself waited almost five years to raise yet another pleadings argument.

## V.    CONCLUSION

For the reasons stated herein, Ford's Motion should be denied in its entirety. To the extent the Court finds that Barcelona's Ch. 93A claim is not sufficiently well pleaded, Plaintiffs request the dismissal be without prejudice.

Dated: June 5, 2025                                    Respectfully submitted,

                                                      /s/ *Ryan McMillan*

                                                      Gregory F. Coleman
                                                      Ryan McMillan*
                                                      **MILBERG COLEMAN BRYSON
                                                      PHILLIPS GROSSMAN, PLLC**
                                                      800 S. Gay Street, Suite 1100

Knoxville, TN 37929
T: (865) 247-0080
F: (865) 522-0049
gcoleman@milberg.com
rmcmillan@milberg.com

Mitchell Breit
Leland Belew
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
T: 347.668.8445
mbreit@milberg.com
lbelew@milberg.com

John R. Fabry*
**THE CARLSON LAW FIRM, P.C.**
1717 N. Interstate Highway 35
Suite 305
Round Rock, Texas 78664
T: (512) 671-7277
F: (512) 238-0275
JFabry@carlsonattorneys.com

Sidney F. Robert*
**BRENT COON AND ASSOCIATES**
300 Fannin, Suite 200
Houston, Texas 77002
T: 713-225-1682
F: 713-225-1785
sidney.robert@bcoonlaw.com

Edward A. Wallace
Mark R. Miller
**WALLACE MILLER**
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
T: (312) 261-6193
F: (312) 275-8174
eaw@wallacemiller.com
mrm@wallacemiller.com

*ATTORNEYS FOR PLAINTIFFS*

* admitted *pro hac vice*