**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | x | |
| JUSTIN O'CONNOR, et al., on behalf of themselves and all others similarly situated, | : : : | Case No. 1:19-cv-05045 |
| | : | |
| Plaintiffs, | : : | Consolidated with Case Nos. 20-cv-1981, 20-cv-2095, 20-cv-2612, and 21-cv-6540 |
| - against - | : : | |
| FORD MOTOR COMPANY, | : | Judge Jeffrey I. Cummings |
| Defendant. | : : : | |
| | x | |

**PLAINTIFFS' RESPONSE TO FORD MOTOR COMPANY'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's Order entered March 30, 2026 [462], Plaintiffs respectfully submit this Response to Defendant's Notice of Supplemental Authority [461]. Ford Motor Company ("Ford") has suggested that the March 25, 2026 Memorandum and Order on Defendant's Motion for Partial Denial of Class Certification [461-1], entered in *McCabe v. Ford Motor Co.*, No. 1:23-cv-10829, 2026 WL 822262 (D. Mass. Mar. 25, 2026) (McCabe Order), is relevant to the Court's consideration of Plaintiffs' Motion to Certify Classes [312].

### I.   INTRODUCTION

The McCabe Order is indeed relevant to, and implicitly supports, Plaintiffs' argument that Ford has waived the opportunity to try to enforce the class action waiver provision contained in its New Vehicle Limited Warranty (NVLW). *See* [368] at 24-25.[1] Likewise, the McCabe Order supports Plaintiffs' argument that this Court's determination of whether enforcement of the class action waiver provision would be unconscionable can be made on a class-wide basis (*Id.* at 22-24),

---

[1] All page citations refer to the ECF PageID, not the internal document pagination.

however, if not waived, the issue is not yet ripe and should be reserved for dispositive motion briefing.

## II. FORD WAIVED ENFORCEABILITY OF ANY PURPORTED CLASS ACTION WAIVER

Ford first made the class action waiver argument in this matter at the class certification stage, after more than four years of litigation, and despite having the opportunity to do so in two motions to dismiss and its motion to compel arbitration. [368] at 24. As just one of the cases previously cited by Plaintiffs held, Ford waived its ability to enforce a class action waiver by failing to raise it for almost three years after the initiation of the lawsuit, and after extensive discovery had taken place. [368] at 24, citing *Simmons v. Ford Motor Company*, 592 F. Supp. 3d 1262 (S.D. Fla. 2022). Apparently having become reacquainted with *Simmons*—and recognizing the validity of Plaintiffs' waiver argument made here—Ford raised the class action waiver argument much earlier in the *McCabe* matter, in a motion to deny class certification filed before completion of discovery or a motion by the plaintiffs for class certification. In stark contrast to the present status of this matter, Judge Saylor in *McCabe* held a scheduling conference just five days ago, April 3, 2026, to set deadlines for the completion of discovery and filing a motion for class certification.

The McCabe Order supports Plaintiffs' argument that Ford has waived the opportunity to try to enforce the class action waiver provision contained in its NVLW.

## III. UNCONSCIONABILITY OF THE CLASS ACTION WAIVER CAN BE DETERMINED ON A CLASSWIDE BASIS AND DOES NOT REQUIRE INDIVIDUALIZED ANALYSIS

In the McCabe Order, Judge Saylor considered important that Plaintiffs "raise the possibility that [Ford] did not provide the warranty booklet containing the waiver to customers prior to sale." [461-1] at 12. That possibility has become an indisputable fact: "According to Ford,

. . . the NVLW was in the glove compartment of the vehicle that was delivered after the purchase of the vehicle was completed." [463-1], Memorandum Opinion denying Ford's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint, entered in *Dolan v. Ford Motor Co.*, No. 3:23-cv-512, 2026 WL 782628 (E.D. Va. Mar. 19, 2026).

Although fact discovery in this matter is complete, Ford makes the entirely fact-free assertion that the need for "individualized analysis here precludes a finding of predominance." [330] at 38. The McCabe Order is relevant here in that Judge Saylor held, "without all the facts before it, the Court cannot say whether the unconscionability determination must be made on an individualized basis, rather than circumstances common to the class." [461-1] at 14, citing *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 983-84 ("finding unconscionability based upon circumstances common to the class"). Ultimately, in the McCabe Order, Judge Saylor "agrees with plaintiffs that the unconscionability issue is not yet ripe." [461-1] at 12. The same is true here.

In opposing class certification, even if Ford has not waived enforcement of the class action waiver, Ford quite simply has not met its burden to show the unconscionability determination must be made on an individualized basis. Rather than support Ford's argument, the McCabe Order supports Plaintiffs' argument that unconscionability determination can be made on circumstances common to the class.

Dated: April 8, 2026                                        Respectfully submitted,

                                                        By: /s/ John R. Fabry
                                                        THE CARLSON LAW FIRM, P.C.
                                                        John R. Fabry (Admitted Pro Hac Vice)
                                                        559 S. Interstate Hwy. 35, Suite 250
                                                        Round Rock, Texas 78664
                                                        Telephone: (512) 671-7277

jfabry@carlsonattorneys.com

MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC
Leland Belew
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
T: (312) 224-8685
lbelew@milberg.com

Mitchell Breit
405 East 50th Street
New York, NY 10022
T: (347) 668-8445
mbreit@milberg.com

BRENT COON AND ASSOCIATES
Sidney F. Robert (Admitted Pro Hac Vice)
300 Fannin, Suite 200
Houston, Texas 77002
Telephone: (713) 225-1682
Sidney.robert@bcoonlaw.com

WALLACE MILLER
Edward A. Wallace
Mark R. Miller
200 W. Madison Street, Suite 3400
Chicago, IL 60606
Telephone: (312) 261-6193
eaw@wallacemiller.com
mrm@wallacemiller.com

*Attorneys for Plaintiffs and the Proposed
Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served on April 8, 2026, on all counsel of record via CM/ECF pursuant to the Federal Rules of Civil Procedure.

*/s/ John Fabry*
John Fabry